County of Lawrence, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Appellees.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

16

*Charles W. Garbett, Luxenberg and Garbett, P.C.,* for appellant.

*William J. Maikovich,* with him *James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

*Howard Grossinger,* with him *Stephen M. Schmerin,* for appellee, Laborers' District Council of Western Pennsylvania, AFL-CIO.

OPINION BY JUDGE WILLIAMS, JR., December 7, 1983:
Consolidated for argument and disposition are the appeals of the County of Lawrence (County) from

orders of the Court of Common Pleas of Lawrence County regarding the County's refusal to implement separate arbitration awards for calendar years 1979 and 1980. For clarity, the two cases decided by the common pleas court, docketed below at Nos. 157 and 231 of 1981, Miscellaneous Docket (M.D.), shall be discussed separately.

### No. 157 of 1981, M.D.

The Laborers' District Council of Western Pennsylvania, AFL-CIO (Union) is the certified bargaining representative for court-related employes, Register of Wills and Recorder of Deeds Offices' employes and chief deputies in the County, the public employer. When collective bargaining negotiations between the Union and the County for calendar year 1979 reached an impasse, the contested bargaining issues were submitted to an interest arbitration panel which issued an arbitration award in November 1979. The award resolved economic and noneconomic issues including probationary periods, wages, hours, holidays, a health and welfare plan, maternity leave and jury duty.

Upon the County's failure to implement even part of the arbitrators' award, the Union filed, on January 3, 1980, unfair labor practice charges with the Pennsylvania Labor Relations Board (PLRB), alleging County violations of provisions of the Public Employe Relations Act (Act 195 or PERA).[1] The PLRB issued a complaint on February 8, 1980, and a hearing was held before a Hearing Examiner on May 28, 1980. The Hearing Examiner issued, on September 19, 1980, a Proposed Decision and Order, wherein he concluded that the County violated Section 1201(a)(1),

---

[1] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§1101.101-1101.2301.

(5) of Act 195[2] by (1) refusing to implement the arbitration award; (2) refusing to bargain in good faith; and (3) interfering with employes' rights as guaranteed by PERA. The PLRB issued, on September 8, 1981, a Final Order affirming and modifying[3] the Hearing Examiner's Proposed Decision and Order.

The County filed a Petition for Review in the Court of Common Pleas of Lawrence County, and, on March 4, 1981, the court dismissed the petition and affirmed the PLRB's Final Order. On March 8, 1981, the County then filed a Notice of Appeal to this Court which was docketed at No. 728 C.D. 1982. By order dated March 12, 1982, the common pleas court granted the PLRB's Petition for Enforcement of the Final Order, and the County again filed a Notice of Appeal which was docketed at No. 729 C.D. 1982.

The County bases its refusal to implement the arbitration award upon Section 805 of PERA, 43 P.S. §1101.805, which allegedly renders the award merely advisory and not binding on the County:

> [W]here representatives . . . of employes directly involved with and necessary to the functioning of the courts of this Commonwealth have

---

[2] Section 1201(a)(1) and (5), 43 P.S. §1101.1201(a)(1) and (5) provides:

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this Act.

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of the employes in an appropriate unit, including but not limited to the discussion of grievances with the exclusive representative. (Footnote omitted.)

[3] The PLRB's modification of the Proposed Decision and Order is not pertinent to these appeals.

reached an impasse in collective bargaining and . . . [have] not resolved the dispute, the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with the proviso that *the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only.* (Emphasis supplied.)

The question whether an arbitration award is advisory is a determination of fact; the County is burdened with demonstrating whether a legislative enactment is required to execute the award. *County of Allegheny v. Allegheny Court Association of Professional Employees,* 22 Pa. D. & C.3d 166 (1982), *aff'd mem.,* 67 Pa. Commonwealth Ct. 277, 446 A.2d 1370 (1982).

*Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980) and its progeny have established that for an arbitration award to be advisory a public employer must show that a legislative enactment is required; that is, taxes must be levied or funds appropriated to pay the award. Additionally, a public employer must adduce evidence below demonstrating that its lawmaking body has met, considered and rejected the award. *Id.* at 62, 417 A.2d at 1144; *see also, Board of Education of the School District of Philadelphia v. AFSCME,* 66 Pa. Commonwealth Ct. 346, 444 A.2d 813 (1982). No such demonstration has here been made by the County.

The County acknowledges candidly in its brief that during the May 28, 1980 hearing it neither presented evidence showing the necessity for a legislative enactment to fund the award nor did it demonstrate that its lawmaking body, the County Commissioners, met,

considered and rejected the award. (Appellant's brief at 28.) Asserting that the May 28, 1980 hearing antedated the *Franklin County* decision of July 3, 1980, the County proposes that we remand the matter to the PLRB for further development of the record.

The PLRB's Proposed Decision and Order, which specifically referenced *Franklin County*, was issued on September 19, 1980, more than two months after the *Franklin County* decision was filed. If the County had further evidence to offer in light of *Franklin County*, it could have (1) submitted exceptions to the Proposed Decision and Order praying to have the record reopened or (2) moved, at any time, to have the record reopened.[4] By failing to seek the reopening of the record below, the County waives the issue here.

Thus, absent evidence conclusively demonstrating the necessity for a legislative enactment to pay the arbitration award, such award is not advisory under Section 805 and *Franklin County*, and the County is legally obligated to implement the arbitration award.

The County next asserts that the common pleas court lacked jurisdiction to enter its March 12, 1982 Order granting the PLRB's Petition to Enforce its Final Order, since the court's Order was entered subsequent to the County's appeal to this Court on March 8, 1982, from the order dismissing the County's Petition for Review. Such argument ignores Pa. R.A.P. 1701(b)(2) which provides the following:

---

[4] The PLRB's authority to reopen the record is found at Section 95.98(f)(2) of its Regulations, 34 Pa. Code §95.98(f)(2) which provides:

> (f) The Board may do any of the following:
>
> . . . .
>
> (2) Reopen the record for the taking of further testimony and evidence.

(b) *Authority of a trial court or agency after appeal.* After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . . .

(2) Enforce any order entered in the matter unless the effect of the order has been superseded as prescribed in this chapter.

Thus the common pleas court, as a government unit,[5] is authorized by Pa. R.A.P. 1701(b)(2) to enter an order granting the PLRB's enforcement petition subsequent to the County's appeal from the dismissal of its Petition for Review.

### No. 229 of 1981, M.D.

The Union, certified bargaining representative for jail, court-related, registrar and recorder employes and chief deputies, filed an unfair labor practice charge against the County, the public employer, with the PLRB on April 24, 1981. Conceding that it had not implemented two arbitration awards, resulting from a collective bargaining impasse, for calendar years 1980, 1981 and 1982, the County, before the PLRB, asserted that such awards were advisory under Section 805 of PERA. The PLRB disagreed, and on October 22, 1981, it issued a Final Order, dismissing the County's exceptions, and affirming and adopting the Hearing Examiner's Proposed Decision and Order which directed the County, *inter alia*, to implement the two arbitration awards.[6]

---

[5] The definitional rule of the Rules of Appellate Procedure, Pa. R.A.P. 102, defines "Government unit" as including, *inter alia*, "any court . . . of the unified judicial system. . . ."

[6] The County was also determined to have committed unfair practices in violation of Section 1201(a)(1) and (5) of PERA. (*See* footnote 2, *supra.*)

The County failed to file a timely Petition for Review of the PLRB's Final Order of October 22, 1981, and on December 24, 1981, it filed a Petition to Appeal nunc pro tunc with the Court of Common Pleas of Lawrence County.[7] After holding an evidentiary hearing, the common pleas court, by orders dated March 4, 1982 and April 16, 1982, denied the County's petition. The Court, on March 12, 1982, additionally granted the PLRB's Petition for Enforcement of its Final Order dated October 22, 1981. The County appealed from each of the three orders to this Court, with appeals docketed at No. 730 C.D. 1982, No. 1151 C.D. 1982 and No. 731 C.D. 1982, respectively.

The issue presented within our scope of review is whether the common pleas court abused its discretion or committed an error of law in denying the County's Petition to Appeal nunc pro tunc from the PLRB's Final Order. *See, Department of Transportation v. Rick,* 75 Pa. Commonwealth Ct. 514, 462 A.2d 902, 903 (1983). The principles guiding this Court's review of orders granting or denying untimely appeals were succinctly stated in *Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 151, 443 A.2d 879, 880 (1982) (citations and footnote omitted):

> Timeliness of an appeal, whether to an appellate court or common pleas court, is a jurisdictional question. . . . An extension of a statutory appeal period cannot be granted as a matter of grace or mere indulgence. . . . Traditionally, such an extension has been limited to cases where "there is fraud or some breakdown in the court's operation." . . . *Negligence on the part of an appellant or counsel cannot justi-*

---

[7] The pertinent statutory appeal period is thirty days after the entry of the order from which the appeal is taken. Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b).

*fy the granting of an appeal nunc pro tunc.*
(Emphasis added.)

Here, competent record evidence establishes that then County Solicitor, Richard A. Harper, Esq., who filed an appearance with and represented the County before the PLRB, was served by mail with a copy of the Final Order. Attorney Harper received the Final Order on October 24, 1981, one day after having resigned from the County Solicitor's position on October 23, 1981. The Assistant County Solicitor from January 1980, John W. Hodge, Esq., succeeded attorney Harper effective October 23, 1981.

Although the Final Order was served in conformity with PLRB regulations,[8] and both attorney Harper and Union counsel each mailed copies of the Final Order to the new County Solicitor on October 26, 1981, the County contends that through "inadvertance" it did not receive a copy of the Final Order until December 1981.[9] Since mere neglect or administrative oversight of counsel cannot justify the allowance of an appeal nunc pro tunc, we find that the common pleas court neither abused its discretion nor com-

---

[8] Section 95.41 of the PLRB's Regulations, 34 Pa. Code §95.41, provides that where an attorney has entered his appearance all orders (and other papers) shall be served only on that attorney. Since attorney Harper never withdrew his appearance, and attorney Hodge never entered his appearance, and the PLRB was not otherwise apprised of the changes in the County Solicitor's Office, the Final Order copy was received by attorney Harper one day after the effective date of his resignation. We cannot require the PLRB to take additional steps for the protection of the County, when the County has taken no steps to protect itself. *See, Shander Lounge, Inc. Liquor License Case,* 53 Pa. Commonwealth Ct. 468, 417 A.2d 1327 (1980).

[9] Under cross-examination attorney Hodge conceded the possibility that in the confusion engendered by the changes in County Solicitor's Office, he received and then either mislaid or ignored the copy of the Final Order mailed by attorney Harper.

mitted an error of law in denying the County's petition. *See, Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976).

We conclude also that in light of the adjudicated, binding nature of the arbitration awards, and the County's manifest failure to implement same, the common pleas court did not err in granting the PLRB's Petition to Enforce its Final Order of October 22, 1981.

ORDER

AND Now, this 7th day of December, 1983, the orders of the Court of Common Pleas of Lawrence County in the above-captioned matter are affirmed.