505 A.2d 1110

Butler County Correctional Officers, et al., Appellants *v.* Butler County Commissioners, Appellees.

Argued November 13, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Alaine S. William,* with her, *Stuart W. Davidson* and *Samuel Issacharoff, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellants.

*Thomas H. M. Hough, Hough & Gleason, P.C.,* with him, *Alexander H. Lindsay, Lindsay & Kemper,* for appellees.

OPINION BY JUDGE CRAIG, March 7, 1986:

American Federation of State, County and Municipal Employees, District Council 84, AFL-CIO (AFSCME) appeals from an order of the Court of Common Pleas of Butler County vacating an arbitration award rendered under section 805 of the Public Employe Relations Act (PERA).[1] We reverse.

AFSCME is the certified bargaining representative for the Butler County prison guards. AFSCME and the county commenced negotiations, pursuant to the reopener clause in their collective bargaining agreement, concerning changes to be effective January 1, 1984, but reached an impasse after numerous negotiating sessions.[2] Under section 801 of the PERA, the parties engaged in mediation which failed to resolve the dispute; therefore, in accordance with section 805, they referred the dispute to an arbitration panel. On March 19, 1984, the panel of arbitrators, by a two-to-one vote, issued an award directing the county to pay all bargaining unit employees a 6.8 percent wage increase and to expand their dental insurance coverage to include their dependents.[3]

The county appealed from the arbitrator's award to the court of common pleas, which vacated the award. This appeal followed.

The issue before us is whether the wage increase and expanded dental coverage provisions of the arbitration award in favor of AFSCME require a "legislative enactment" for its implementation, so that, in

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101.

[2] The parties' reopener clause reads, "[f]or the year 1984, negotiations shall be reopened for wages, economic benefits and longevity only." The award was effective from January 1, 1984, to December 31, 1984.

[3] The arbitration award provided for additional changes in the terms and conditions of employment; however, these provisions are not in dispute.

accordance with the terms of section 805, the award would have to be considered only advisory.

We resolved this issue in *County of Lehigh v. American Federation of State, County and Municipal Employees, District Council 88, Local 543, AFL-CIO,* 95 Pa. Commonwealth Ct. 486, 505 A.2d 1104 (1986) which we consolidated for oral argument with this case.[4] In that case we quoted Judge STRANAHAN's opinion in *County of Allegheny v. Allegheny Court Association of Professional Employees* (No. SA 642 of 1980, filed December 17, 1984), holding that the statutory power of the county commissioners to make a budget transfer in a non-home-rule county is not a legislative enactment, but an administrative action. A legislative enactment is required only where the budget amounts are insufficient to effect the necessary transfer.

Section 1784 of the County Code, Act of August 9, 1955, P.L. 323, 16 P.S. §1784, expressly authorizes the county commissioners to make transfers between budget items. That section reads: ". . . . The commissioners may authorize the transfer of any unencumbered balance of any appropriation item or any portion thereof. . . ." The County Code thus confers the power to transfer even more broadly than the Lehigh County Charter we examined in *Lehigh County,* which imposes a percentage limitation.

In *County of Lawrence v. Pennsylvania Labor Relations Board,* 79 Pa. Commonwealth Ct. 14, 469 A.2d 1145 (1983) we said:

> The question whether an arbitration award is advisory is a determination of fact; the County

---

[4] *American Federation of State, County and Municipal Employees, District Council 83, AFL-CIO v. Pennsylvania Labor Relations Board and Indiana County,* 95 Pa. Commonwealth Ct. 465, 505 A.2d 1041 (1986) was also consolidated for oral argument with this case and the *County of Lehigh.*

is burdened with demonstrating whether a legislative enactment is required to execute the award.

*County of Lawrence,* 79 Pa. Commonwealth Ct. at 19, 469 A.2d at 1147. Our Supreme Court in *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980) held that the existence of the elements required to make the award advisory must be *"demonstrated"* by the public employer, *Franklin County,* 491 Pa. at 62, 417 A.2d at 1144. (Emphasis in original.)

In this case, there is no evidence in the record regarding whether or not there were sufficient funds in the budget to make a transfer for the purpose of implementing the arbitration award. We hold that the county, who had the burden of proving that a legislative enactment—the appropriation of funds or levying of taxes—was required for implementation of the arbitration award, failed to meet its burden of proof. Therefore the arbitration award is "final and binding".

The county cites *Coleman v. Stevenson,* 20 Pa. Commonwealth Ct. 498, 343 A.2d 375 (1975) and *Kistler v. Carbon County,* 154 Pa. Superior Ct. 299, 35 A.2d 733 (1944), as indicating that a transfer of funds is a legislative enactment. Neither of those cases so hold. The Pennsylvania Labor Relations Board in *Pennsylvania Labor Relations Board v. Allegheny County,* 15 Pa. Pub. Employee R. 15095 (1984), did declare that a transfer was a legislative enactment,[5] but Judge STRANAHAN's conclusion, as quoted in *Lehigh County,* is the legally correct one.

The trial court's order is reversed, and the arbitration award is reinstated.

---

[5] The county, in its brief, inadvertently attributed that holding to the Superior Court instead of the Pennsylvania Labor Relations Board.

## ORDER

Now, March 7, 1986, the order of the Court of Common Pleas of Butler County at No. 84-041, dated January 18, 1985, is reversed and the arbitration award is reinstated.