505 A.2d 1104

County of Lehigh, Appellant *v.* American Federation of State, County and Municipal Employees, District Council 88, Local 543, AFL-CIO, Appellee.

American Federation of State, County and Municipal Employees, District Council 88, Local 543, AFL-CIO, Appellant *v.* County of Lehigh, Appellee.

Argued November 13, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL DOYLE, COLINS and PALLADINO.

*Patrick J. Reilly,* Assistant County Solicitor, with him, *Wilbur C. Creveling,* Assistant County Solicitor, for appellant/appellee, County of Lehigh.

*Alaine S. Williams,* with her, *Samuel Issacharoff, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellee/appellant, American Federation of State, County and Municipal Employees, AFL-CIO.

OPINION BY JUDGE CRAIG, March 7, 1986:

The County of Lehigh, a home rule charter county, and American Federation of State, County and Municipal Employees, District 88, Local 543, AFL-CIO (AFSCME), as cross-appellants, appeal from an order of the Court of Common Pleas of Lehigh County af-

firming in part and reversing in part an arbitration award rendered under section 805 of the Public Employe Relations Act (PERA).[1]  We affirm.

AFSCME is the certified bargaining representative for the Lehigh County prison guards.  AFSCME and the county commenced negotiations for a new collective bargaining agreement to be effective January 1, 1982, but reached an impasse after numerous negotiating sessions.[2]  Pursuant to section 805 of the PERA, they referred the dispute to an arbitration panel.  On June 28, 1982, the panel of arbitrators, by a two-to-one vote, issued an award directing the county to pay all bargaining unit employees an eight percent wage increase in each of the following years: 1982, 1983 and 1984.[3]

The county appealed from the arbitrators' award to the court of common pleas which affirmed the eight percent wage increase for the year 1982 and denied the eight percent wage increase for the years 1983 and 1984.[4]  These appeals followed.[5]

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101.

[2] The parties agreed to enter into a long-term pact, provided that the wages and fringe benefits were acceptable to them.  The majority of the panel of arbitrators interpreted this agreement to mean that the collective bargaining agreement shall cover a three year period effective January 1, 1982 through December 31, 1984 because the parties' previous collective bargaining agreement covered a three year period.

[3] The dissenting member disagreed with the award of a multi-year contract and the prison guards' wage increase.  The award was effective as of January 1, 1982.

[4] The Lehigh County Board of Commissioners granted a six percent wage increase to prison guards and other county employees in its 1982 budget before the issuance of the arbitration award. Therefore, AFSCME seeks the additional two percent wage increase for the year 1982.

[5] Our scope of review of the trial court's decision is limited to whether or not the court abused its discretion or committed an error of law.  *Mid Valley Taxpayers Association v. Mid Valley School District*, 52 Pa. Commonwealth Ct. 402, 416 A.2d 590 (1980).

The issue before us is whether the wage increase provision of the arbitration award in favor of AFSCME requires a "legislative enactment" for its implementation, so that the award would have to be considered only advisory.[6]

Section 805 of the PERA provides:

Notwithstanding any other provisions of this act *where representatives of units of guards at prisons* or mental hospitals or units of employes directly involved with and necessary to the functioning of the courts of this Commonwealth *have reached an impasse in collective bargaining* and mediation as required in section 801 of this article has not resolved the dispute, *the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with the proviso that the decision of the arbitrators which would require legislative enactment to be effective shall be considered advisory only.*[7] (Emphasis added.)

Section 805 of the PERA mandates binding arbitration where the public employer and representatives of prison guards reach an impasse. The reason for this mandate is because prison guards are prohibited from striking.[8] The mandatory binding arbitration of disputes over employment issues is considered the *quid pro quo* for the denial of the right to strike to

---

[6] The same issue was raised in *Butler County Correctional Officers et al. v. Butler County Commissioners*, 95 Pa. Commonwealth Ct. 471, 505 A.2d 1110 (1986) and *American Federation of State, County and Municipal Employees, District Council 83, AFL-CIO v. Pennsylvania Labor Relations Board and Indiana County*, 95 Pa. Commonwealth Ct. 465, 505 A .2d 1041 (1986) which we consolidated for oral argument.

[7] 43 P.S. §1101.805.

[8] Section 1001 of the PERA, 43 P.S. §1101.1001, prohibits prison guards from striking at any time.

prison guards. *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980) and *County of Allegheny v. Allegheny Court Association of Professional Employees* (No. SA 642 of 1980, filed December 17, 1984).

However, section 805 also provides that the arbitrators' award shall be final and binding only so long as legislative enactment is not necessary to effect the award. If legislative enactment is required, the arbitrators' award is only advisory.

The PERA does not define the term "legislative enactment". The leading case construing section 805 of the PERA is *Franklin County.* In that case, the representative for the prison guards and the prison board reached an impasse over several bargaining issues which was submitted to an arbitration panel. The prison board refused to implement any of the provisions of the arbitration award on the grounds that only the salary board had the authority to fix salaries and compensation and the vote of the salary board was legislative action. Our Supreme Court held that where the implementation of an arbitration award requires the appropriation of funds or the levying of taxes by a legislative body of a political subdivision, those acts constitute legislative enactments within the meaning of section 805 of the PERA.

Therefore, the *Franklin County* decision established a two-prong test for determining whether an arbitration award is advisory only: (1) the public employer must demonstrate that legislative enactment is required to implement the award—funds must be appropriated or taxes must be levied, and (2) the lawmaking body must meet, consider and reject the arbitration award.[9]

---

[9] The parties stipulated to the fact that the board, the appropriate legislative body for the county, did meet, consider and reject the arbitration award.

The court rejected the argument of the prison board that the salary board's authority to fix salaries and compensation rendered all arbitration awards involving such items advisory only. The court reasoned:

[s]uch an interpretation would nullify, for all practical purposes, the 'final and binding' provisions of section 805 for all awards regarding salaries or other compensation. Such an interpretation would be contrary to the clearly expressed intentions of the General Assembly, as well as the principles of statutory construction. *See* The Statutory Construction Act of 1972, 1 Pa. C.S.A. §§1922(2) and 1921(a) (supp. pamphlet).

*Franklin County,* 491 Pa. at 61, 417 A.2d at 1143.

Here, the county argues that the implementation of the arbitration award requires legislative action because section 302 of the Lehigh County Home Rule Charter (charter), 339 Pa. Code §302, empowers the Board of Commissioners (board), the legislative body of the county, to establish the wages of prison guards.[10] Our Supreme Court rejected this argument in *Franklin County,* as stated above.

---

[10] Section 302 of the charter, 339 Pa. Code §302, provides: All legislative powers which may be exercised by the County under the Constitution and laws of the Commonwealth of Pennsylvania shall be vested in the Board, [of Commissioners] exept as otherwise expressly provided in this Charter. The Board shall have, but not by way of limitation, the following powers:

(a) To enact, amend or repeal ordinances, resolutions and motions. . . .

(b) To make appropriations, incur indebtedness, and adopt the budget.

(c) To levy taxes, assessments and service charges. . . .

(d) To adopt and amend by ordinance an administrative code which shall set forth in detail a plan for organization and administration of the

Further, the county contends that the budget is adopted by ordinance and any amendment to a previously adopted ordinance requires an ordinance.[11]

The county's process for adopting a budget commences with the county executive proposing a budget to the board which is then subject to public hearings. Upon completion of the public hearings, the board adopts the budget, adding to or deleting from any appropriation line item. After the board has adopted the budget, it levies taxes to fund the items in the budget. Each county employee is delineated in the budget through a line item which projects his or her maximum salary for that fiscal year. The total of these line items is the minimum amount to be appropriated by the board to the personnel portion of the budget.

Clearly, the adoption of the budget, the appropriation of funds and the levying of taxes requires legis-

County government not inconsistent with the provisions of this Charter.

(e) To adopt procedures, by ordinance, which shall provide for . . . the making of contracts. . . .

(f) To adopt a Personnel Code as required by Article IX of this Charter.

(i) *To establish salaries and wage levels of the County Officers and employes,* subject to the provisions of Article IX of this Charter.

[11] Section 310(a) of the Charter, 339 Pa. Code §310(a), provides:

Actions of the board which are legislative in character shall be by ordinance. In addition to any other actions which must be taken by ordinance as required by law or this Charter, the following actions of the Board shall require an ordinance:

Adopting or amending the Administrative Code or Personnel Code or establishing or abolishing any agency.

Levying taxes. . . .

Amending or repealing any ordinance previously adopted.

lative enactment. However, section 706 of the charter, 339 Pa. Code §706, anticipates and authorizes the county executive to make certain changes in the budget during the fiscal year.

Section 706 provides:

*At any time during the fiscal year, the County Executive* or the President Judge of the Court of Common Pleas *may transfer part or all of any unencumbered balance appropriated for programs, services, or functions within an agency, provided the total transfers do not exceed ten (10) percent of the total budget of the agency involved.* The County Executive may transfer funds only within agencies under the administration of the County of Lehigh. . . . When proposed transfers of unencumbered balances appropriated for programs, services, or functions within an agency exceed ten (10) percent of the amount budgeted for that agency or when a proposed change involves a transfer of funds between agencies, the County Executive or the President Judge, as the case may be, shall propose such changes to the Board, which may make such transfers by Ordinance.

Because this provision permits the county executive to effect a transfer which does not exceed ten percent of an agency's total budget, such a transfer clearly is an administrative action.

Thus, the procedure to transfer such an amount of funds from one line item to another does not require "legislative enactment." Judge STRANAHAN, in *County of Allegheny* stated as follows,

We assume that any arbitration award which grants increased wages to public employees will require such a line item transfer within the political subdivision's budget. Thus, to find

that such a transfer constitutes a legislative enactment produces the exact absurd result which the courts of this Commonwealth have struggled to avoid—that of emasculating the value of arbitration as a tool to solve conflicts in labor relations, and overriding the legislature's clear intent that arbitration awards be final and binding on the parties. Rather, we believe that the intended result of the legislature in enacting the PERA will be honored and effectuated by considering the budget adoption process as legislative enactment, and the subsequent transfer of funds from one line item to another to constitute the ordinary administration of municipal affairs.

To find otherwise, that the transfer of funds within a county budget from one line item to another constitutes legislative enactment, would allow any municipal government to easily avoid any arbitration award merely by refusing to allow for pay increases in the budget year after year. Yet, we cannot believe that the legislature intended such a result. Provision in the statute for mandatory binding arbitration would thereby be rendered totally useless, and the rules of statutory construction would be shamelessly violated by such a holding. We cannot in good conscience attribute such an intent to the General Assembly.

Of course, where the implementation of an arbitration award would require the local governmental body to levy further taxes in order to have funds to appropriate to such line item, then the legislature cannot constitutionally be forced to take such action. This would clearly be legislative enactment, and would conflict with *Franklin County's* expressed concern over

taxation without representation. However, where there is money available in the government's general fund or from other items with surplus funds, we hold that in order to effectuate the policy and intent of the PERA, such money must administratively be transferred to fund a legally binding arbitration award.

*County of Allegheny,* Slip Op. at 18-20.

We agree that the transfer of funds, within an agency, from one line item to another, where there are sufficient funds in the budget to make the transfer, does not require a legislative enactment. However, where there are not sufficient funds in the agency's budget to make such a transfer, implementation would require a legislative enactment.

The county concedes at p. 17 of its brief that, for the year 1982, there were sufficient funds in the Department of Corrections' budget to implement the arbitration award. Moreover, the county has not sustained the burden of establishing that the required transfer would exceed ten percent of that agency's total budget. In *County of Lawrence v. Pennsylvania Labor Relations Board,* 79 Pa. Commonwealth Ct. 14, 469 A.2d 1145 (1983) we said:

The question whether an arbitration award is advisory is a determination of fact; the County is burdened with demonstrating whether a legislative enactment is required to execute the award.

*County of Lawrence,* 79 Pa. Commonwealth Ct. at 19, 469 A.2d at 1147. Our Supreme Court in *Franklin County,* held that the existence of the elements required to make the award advisory must be *"demonstrated"* by the public employer. 491 Pa. at 62, 417 A.2d at 1144. (Emphasis in original.)

Because the county has not met the burden of establishing that legislative action was required for the year 1982, the award is therefore binding, and we affirm the trial court's order concerning that year.

However, the same rationale is not applicable for the years 1983 and 1984. For those years the arbitration award was advisory only because the date of the arbitration award preceded the board's adoption of a budget for the years 1983 and 1984. An arbitration award cannot attempt to delegate a legislative power to a non-legislative body; an award may recommend a wage increase to the legislative body, but it may not mandate the legislative body to appropriate funds or levy taxes. Our Supreme Court in *Franklin County* stated,

> [w]here an arbitration award would infringe on the legislative power of the General Assembly or of the lawmaking body of a political subdivision of the Commonwealth, as where the appropriation of funds and/or the levying of taxes is required by the award, then that award is invalid under Art. III, section 31 as an attempted delegation of legislative power to a non-legislative body. See City of Washington v. Police Department, 436 Pa. 168, 175 n.6, 259 A.2d 437, 440 n.6 (1969) and Erie Firefighters Local No. 293 v. Gardner, 406 Pa. 395, 178 A.2d 691 (1962). A contrary result would offend the basic constitutional prohibition against taxation without representation and the mandated separation of powers which is embodied in Art. III, sec. 31.

*Franklin County,* 491 Pa. at 59-60, 417 A.2d at 1142-43.

Here, the board met, considered and rejected the arbitration award for the years 1983 and 1984, as to which legislative action in the form of new budget appropriations was required. Therefore, the award is

only advisory for those years, and the trial court's order is affirmed as to them also.

### ORDER

Now, March 7, 1986, the order of the Court of Common Pleas of Lehigh County at 82-C-2771, dated July 13, 1984, is affirmed.