95 Pa. Commonwealth Ct. 465 (1986)
505 A.2d 1041
American Federation of State, County, and Municipal Employees, District Council 83, AFL-CIO, Petitioner
v.
Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Indiana County, Respondents.
No. 76 T.D. 1984.
Commonwealth Court of Pennsylvania.
Argued November 13, 1985.
March 7, 1986.
*466 Argued November 13, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MacPHAIL, DOYLE, COLINS and PALLADINO.
Alaine S. Williams, with her, Samuel Issacharoff, Kirschner, Walters, Willig, Weinberg & Dempsey, for petitioner.
Kathryn Speaker MacNett, with her, James L. Crawford, for respondent.
Alex E. Echard, for intervenor, Indiana County.
OPINION BY JUDGE CRAIG, March 7, 1986:
American Federation of State, County and Municipal Employees, District Council 83, AFL-CIO (AFSCME) appeals from an order of the Pennsylvania Labor Relations Board (PLRB) affirming a hearing examiner's decision that Indiana County did not commit an unfair labor practice in refusing to implement an interest arbitration award. We reverse.
AFSCME is the certified bargaining representative for the Indiana County prison guards. AFSCME and the county commenced negotiations, pursuant to the wage reopener clause in their collective bargaining *467 agreement, concerning changes to be effective January 1, 1982, but reached an impasse after numerous negotiating sessions.[1] Pursuant to section 805 of the Public Employe Relations Act (PERA),[2] they referred the dispute to an arbitration panel. On March 25, 1982, the panel of arbitrators issued an award directing the county to pay all bargaining unit employees a twenty cent per hour wage increase.
On August 25, 1982, AFSCME filed an unfair labor practice with the PLRB alleging that the county had violated the PERA by refusing to implement the arbitration award.[3] On September 17, 1982, the PLRB issued a complaint and on May 4, 1983, held a hearing before a hearing examiner. After the PLRB by a two-to-one vote approved the hearing examiner's decision against AFSCME, this appeal followed.[4]
The issue before us is whether the wage increase provision of the arbitration award in favor of AFSCME requires a "legislative enactment" for its implementation, so that in accordance with the terms *468 of section 805, the award would have to be considered only advisory.
In County of Lawrence v. Pennsylvania Labor Relations Board, 79 Pa. Commonwealth Ct. 14, 469 A.2d 1145 (1983) we said:
The question whether an arbitration award is advisory is a determination of fact; the County is burdened with demonstrating whether a legislative enactment is required to execute the award.
County of Lawrence, 79 Pa. Commonwealth Ct. at 19, 469 A.2d at 1147. Our Supreme Court in Franklin County Prison Board v. Pennsylvania Labor Relations Board, 491 Pa. 50, 417 A.2d 1138 (1980) held that the existence of the elements required to make the award advisory must be "demonstrated" by the public employer, Franklin County, 491 Pa. at 62, 417 A.2d at 1144. (Emphasis in original.)
The PLRB read and adopted the hearing examiner's Finding No. 12 as stating "that the Commissioners would have had to borrow money to fund the award . . . since there were not sufficient funds available out of current revenues. . . ." In fact, the hearing examiner's Finding No. 12 actually read:
12. That the County would have had to borrow money to implement the interest arbitration award. It did not do so because it did not believe it had enough money coming in to pay back any borrowed money that year. (Emphasis supplied.)
Thus the hearing examiner recognized that budget amounts can be funded  when temporary funding is needed  by tax anticipation borrowing under section 1771 of the County Code,[5] provided that repayment *469 with subsequent tax receipts in the current fiscal year is possible. However, because the testimony on behalf of the county commissioners was extremely general and vague, containing no numerical specifics nor any explanation of the budget page which the county introduced in its exhibits, the record lacks any substantial evidence as a basis for finding that budgetary amounts were insufficient or that tax anticipation borrowing could not be used to fund the implementation.[6] All the hearing examiner could find was as stated, that the county commissioners did not "believe" that future tax receipts would permit them to undertake the tax anticipation funding process.
The county, in addition to its failure to demonstrate insufficiency of budgetary amounts and inability to fund those amounts, also failed to sustain its burden of showing that implementation could not have been achieved by budget transfers from one category of the year's budget to another. The PLRB, continuing to misplace the burden, stated that "even had the record demonstrated a surplus in the general fund, we would find the act of transferring funds from the general fund to the prison budget to constitute legislative action."
This court has currently decided that precise question otherwise in County of Lehigh v. American Federation of State, County and Municipal Employees, *470 District Council 88, Local 543, AFL-CIO, 95 Pa. Commonwealth Ct. 486, 505 A.2d 1104 (1986) which we consolidated for oral argument with this case.[7] In that case, we held that the transfer of funds from one line item to another, where there are sufficient funds in the budget to make the transfer, does not require a legislative enactment. However, where there are not sufficient funds in the budget to make such a transfer, implementation would require a legislative enactment. Therefore, the PLRB's conclusion that the transfer of funds from one line item to another necessarily requires legislative enactment is contrary to our holding and therefore is reversed.
Accordingly, because the county has not demonstrated the necessity of a legislative enactment for the implementation of the arbitration award in this case, the county commissioners' unsupported rejection of that award constituted an unfair labor practice. The decision of the PLRB is reversed, and this case is remanded with a direction that the arbitration award be enforced.

ORDER
Now, March 7, 1986, we reverse the order of the Pennsylvania Labor Relations Board at No. PERA-C-82-456-W, dated May 17, 1984, and remand this case to it, directing that the arbitration award be enforced.
Jurisdiction relinquished.
Judge MacPHAIL dissents.
NOTES
[1] The parties' reopener clause reads, "[p]ursuant to the requirements of Act 195, this Agreement shall be binding upon the parties hereto, their successors and assigns, from January 1, 1980, to and including December 31, 1982, and thereafter from year to year except that either party may notify the other by certified mail at any time subsequent to June 30, 1981, but not later than 180 days prior to December 31, 1981, of its desire to negotiate wages only under Article XVI, Section 2, of this Agreement for calendar year 1982."
[2] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §1101.805.
[3] AFSCME alleged that the county had violated sections 803 and 1201(a)(8) of the PERA. AFSCME twice amended the charge of unfair practices alleging that the county had also violated sections 805 and 1201(a)(1), (5) and (6) of the PERA.
[4] On June 7, 1984, AFSCME filed a petition for review from the order of the Pennsylvania Labor Relations Board in the Court of Common Pleas of Indiana County. However, before any action by that court, AFSCME filed an application for extraordinary relief in the Pennsylvania Supreme Court requesting that the case be transferred to this court. On October 17, 1984, the Supreme Court granted the requested relief and the case was transferred to this court.
[5] Section 1771 of the County Code, Act of August 9, 1955, P.L. 323, as amended, 16 P.S. §1771 provides:

Whenever the funds of a county have been exhausted, the county commissioners may borrow, on the credit of the county, money in anticipation of taxes to be collected for the current fiscal year, and issue a certificate of indebtedness payable on a certain date, not exceeding one year from the date of issue.
[6] Our scope of review is limited to a determination of whether the factual findings of the PLRB are supported by substantial evidence and whether the conclusions of law are reasonable. Commonwealth v. Pennsylvania Labor Relations Board, 502 Pa. 7, 463 A.2d 409 (1983).
[7] Butler County Correctional Officers, et al. v. Butler County Commissioners, 95 Pa. Commonwealth Ct. 471, 505 A.2d 1110 (1986) was also consolidated for oral argument with this case and the County of Lehigh.