513 A.2d 1101

County of Allegheny, Appellant *v.* Allegheny Court Association of Professional Employees, Appellee.

Argued June 11, 1986, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, BARRY and COLINS.

*Thomas H. M. Hough,* Assistant County Solicitor, with him, *James J. Dodaro,* County Solicitor, for appellant.

*Daniel R. Delaney, Delaney and Evans,* for appellee.

OPINION BY JUDGE MACPHAIL, August 8, 1986:

The County of Allegheny (County) appeals here from an order of the Court of Common Pleas of Allegheny County denying the County's motion for post trial relief and affirming an arbitration award rendered under Section 805 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.805. We affirm in part and reverse in part.

A brief summary of the events leading up to this appeal is necessary. The Allegheny Court Association of Professional Employees (ACAPE) represents all court-appointed employees of Allegheny County. ACAPE and

the County commenced contract negotiations for a collective bargaining agreement but reached an impasse. Pursuant to Section 805 of the PERA, they referred the dispute to an arbitration panel. On May 5, 1980, the arbitration panel directed the County to pay all bargaining unit employees a salary increase and a one-time bonus of twelve hundred dollars ($1200.00).[1]

The County appealed from the arbitrator's award to the court of common pleas which, in a scholarly opinion authored by Judge STRANAHAN, upheld most of the non-fiscal provisions of the award but voided certain sections as encroaching upon the court's exclusive right to hire, discharge and supervise court personnel.[2] The judge reserved the issue of whether the fiscal provisions of the award dealing with salary increases required legislative enactment by the County Commissioners, thus rendering them advisory only under Section 805 of the PERA. *County of Allegheny v. Allegheny Court Association of Professional Employees,* 22 Pa. D. & C. 3d 166 (1981), *aff'd* 67 Pa. Commonwealth Ct. 277, 446 A.2d 1370 (1982).[3] *[(County of Allegheny)].*

The judge ordered a hearing to resolve this issue, which was held on September 17, 1984. The issue was further narrowed to whether a transfer of funds from the general revenues of a county into an account designated for court employees' salaries requires a "legislative en-

---

[1] The award was to be effective May 1, 1980 through June 30, 1981.

[2] The court ordered the County and the County Commissioners to implement all provisions of the award except the following:

    A. Article VI, Vacation—paragraph 4 only.

    B. Article IX, Seniority

    C. Article XII, Suspension and Discharges

    D. Article XXIV, Scheduling. Overtime Rest Periods—all paragraphs except paragraph 4.

[3] The Pennsylvania Supreme Court denied *allocatur* on October 18, 1982 at 196 Allocatur Docket 1982.

actment." In a thorough and comprehensive opinion, dated December 19, 1984, Judge STRANAHAN held that the procedure used to transfer funds from one county account to another does not require a "legislative enactment." The court of common pleas denied the County's motion for post trial relief on April 19, 1985. This appeal followed.

Section 805 of the PERA provides as follows:

Notwithstanding any other provisions of this act *where representatives of* units of guards at prisons or mental hospitals or *units of employes directly involved with and necessary to the functioning of the courts of this Commonwealth have reached an impasse in collective bargaining* and mediation as required in section 801 of this article has not resolved the dispute, *the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with the proviso that the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only.* (Emphasis added.)

Mandatory binding arbitration of disputes over employment issues between court-appointed employees and the County is considered the *quid pro quo* for the denial of the court-appointed employees' right to strike. Section 1001 of the PERA, 43 P.S. §1101.1001; *see Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980); *County of Lehigh v. American Federation of State, County, and Municipal Employees, District Council 88, Local 543, AFL-CIO,* 95 Pa. Commonwealth Ct. 486, 505 A.2d 1104 (1986). However, Section 805 of the PERA further qualifies the "binding" nature of the award: if legislative enactment is necessary to effectuate the award, it will be "advisory" only.

*Franklin County* established a two part test to determine whether an arbitration award is advisory only: (1) "the public employer must demonstrate that legislative enactment is required to implement the award—funds must be appropriated or taxes must be levied, and (2) the lawmaking body must meet, consider and reject the arbitration award." *County of Lehigh,* 95 Pa. Commonwealth Ct. at 490, 505 A.2d at 1107. It is the County's position that the transfer of money from one county account to another, or "line transfers", are in the nature of "budget creation" and require a legislative enactment before such transfers can be implemented.

In *County of Lehigh,* this Court quoted, with approval, Judge STRANAHAN's December 19, 1984 decision at issue in the instant case[4] and held that the statutory power of the County Commissioners to make a budget transfer is not a legislative enactment but rather is simply an administrative action. A legislative enactment is required only where there are not sufficient funds in the agency's budget to make such a transfer. *Id.; see also Butler County Correctional Officers.* It is the County's burden to show that a legislative enactment is required to execute the award. *Franklin County; County of Lawrence v. Pennsylvania Labor Relations Board,* 79 Pa. Commonwealth Ct. 14, 469 A.2d 1145 (1983). After a careful review of the record, we have come to the conclusion, as did the court of common pleas, that the County did not carry its burden of proving that there were insufficient funds in the budget to effect the transfers. Accordingly, the arbitration award is binding upon the County.

---

[4] Although both *County of Lehigh* and *Butler County Correctional Officers v. Butler County Commissioners,* 95 Pa. Commonwealth Ct. 471, 505 A.2d 1110 (1986) note Judge STRANAHAN's opinion as filed December 17, 1984, the correct date is December 19, 1984.

The County contends next that because the County had granted ACAPE unit members $2,125.00 in 1980 prior to our Supreme Court's decision in *Franklin County* that these amounts should be offset against the wage increases required by the award. We disagree. The County specifically refused to implement the arbitrator's award but nevertheless granted ACAPE members an increase. The increase was not authorized pursuant to the award, nor is there any indication in the record that the increase was granted on the condition that it be offset against implementation of the award. In our view, therefore, implementation of the award does not require an offset.

Finally, the County contends that to the extent the December 19, 1984 order of the trial court requires bargaining over sick leave, jury duty and funeral leave, it must be reversed.[5] In *American Federation of State, County and Municipal Employees, District Council 84 etc., v. Pennsylvania Labor Relations Board,* 83 Pa. Commonwealth Ct. 591, 477 A.2d 930 (1984) *[(AFSCME and District Council 84)],* this Court refined *County of Allegheny* and specifically held that sick leave, jury duty, funeral leave and shift differential are matters which directly affect the court's ability to administer justice and guarantee independence and hence were not proper subjects for bargaining.

ACAPE, citing *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985) *[(County of Lehigh II)],* submits that "the county commissioners categorically are not prohibited from negotiating on the terms and conditions of employment

---

[5] There is some question as to whether this issue has been properly preserved in the instant appeal. Since, however, both parties briefed and orally argued it, we believe that in the interest of judicial economy (where the case already has such a prolonged history) it should be resolved.

provided that judicial control is not compromised." Brief at 24.

> In *County of Lehigh II*, Chief Justice Nix stated:
> [S]o long as judges retain their authority to select, discharge and supervise court personnel, the independence of the judiciary is unimpaired, . . . [and] PERA [applies] to courts of common pleas and their appointees . . . . [T]he judiciary has the inherent power to prevent any actual impairment of its independence created by the collective bargaining process. . . . Thus under our decisions county commissioners are not prohibited from negotiating 'wages, hours and other terms and conditions of employment' provided such terms do not impinge upon judicial control of hiring, discharge and supervision in some concrete manner.
>
> . . . .
>
> If it is determined that there would be no adverse impact there is no reason why the proposal should not be embodied in the collective bargaining agreement. It would be contrary to the public interest to bar such terms on the ground that they may impair the judges' 'supervisory' authority in the abstract when the simple solution of prior consultation with the judges themselves is available. In any event, contractual terms which actually impair the independence must be declared void and agreements countenancing such terms would totally defeat the purposes of PERA.

507 Pa. at 278-79, 489 A.2d at 1329—1330 (citations omitted). In essence, ACAPE argues here that the award provisions relating to the terms and conditions of employment can be upheld as long as there is no *actual* impairment of the operations of the judiciary. However,

we recently rejected this same argument in *In the Matter of the Appointment of Antolik,* 93 Pa. Commonwealth Ct. 258, 501 A.2d 697 (1985), and reiterated that collective bargaining efforts by county officials may not encompass the hiring, firing, and supervision of court employees.

To the extent that the court's opinion orders implementation of the award provisions concerning sick leave, jury duty and funeral leave, we reverse. In all other respects we affirm.

ORDER

The order of the Court of Common Pleas of Allegheny County is affirmed in part and reversed in part.