Randall A. Bethke,            :
          Appellant      :
                             :
          v.                  :
                             :   Nos. 406 & 702 C.D. 2022
City of Philadelphia       :   Submitted: February 24, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: May 8, 2023

In these consolidated appeals, Randall A. Bethke (Bethke) seeks review of two interlocutory orders entered by the Court of Common Pleas of Philadelphia County (trial court) on April 18 and July 6, 2022. Upon review, we vacate both orders and remand this matter to the trial court for further proceedings.

## I. Background[1]

Bethke filed a request with the City of Philadelphia (City) under the Right-to-Know Law (RTKL)[2] for all directives and policies of the City Sheriff's

---

[1] This matter was previously before the Court for disposition of Bethke's application for a stay. *See Bethke v. Phila.* (Pa. Cmwlth., Nos. 406 C.D. 2022 & 702 C.D. 2022, filed Sept. 20, 2022) (*Bethke I*) (Fizzano Cannon, J., single-judge op.). The statement of facts herein is drawn from our earlier opinion.

[2] Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-67.3104.

Office.  *See* Complaint, Original Record (O.R.) Item # 2, at 41.  The request was deemed denied and Bethke appealed to the Office of Open Records (OOR), which issued a final determination on December 23, 2021 (OOR Determination).  The OOR ordered the City to provide all responsive records not already provided.  *See* OOR Determination at 18-39.  The OOR specifically determined that, although the RTKL provides for redaction of information exempt from disclosure, the City failed to meet the requisite burden of proof for any exemption.  *See id.* at 23.

The City "inadvertently failed to timely appeal the OOR Determination."  City's Answer at 3.  The City provided additional responsive records pursuant to the OOR Determination.  However, despite the OOR's conclusion that the City had failed to demonstrate the applicability of any exemption from disclosure, and notwithstanding the City's failure to appeal from the OOR Determination, the City redacted portions of two records on the basis that they were exempt from disclosure under the RTKL because their disclosure would pose a threat to public safety.  *See id.*; Complaint, O.R. Item #2, at 8, ¶¶ 51-53.

On February 13, 2022, Bethke filed a complaint in mandamus in the trial court, seeking to enforce the OOR Determination and demanding that the City provide all responsive records in unredacted form.  *See* Complaint, O.R. Item # 2, at 12, ¶¶ 82-85 & Wherefore Clause.  Bethke then moved for peremptory judgment based on Pennsylvania Rule of Civil Procedure 1098[3] and this Court's reported decision in *Capinski v. Upper Pottsgrove Township*, 164 A.3d 601, 610 (Pa. Cmwlth. 2017) (holding that a mandamus action is the proper procedure to compel compliance with an unappealed OOR determination).

---

[3] "At any time after the filing of the complaint [in mandamus], the court may enter judgment if the right of the plaintiff thereto is clear . . . ."  Pa.R.Civ.P. 1098.

At a hearing on the peremptory judgment motion, the trial court stated that the City should have appealed from the OOR Determination and then directed the City to file a motion seeking *nunc pro tunc* review of the OOR Determination. April 18, 2022 Trial Court Hearing Transcript at 6-7. The trial court issued an order (April 18 Order) the same day that provided, in relevant part: "The Motion that shall be filed by the City . . . and Sheriff's Office and all listed Defendants seeking *nunc pro tunc* appeal of the [OOR Determination] shall be CONSOLIDATED for hearing before this Court . . . ." April 18 Order, O.R. Item #12, at 2-3, ¶ 8. The April 18 Order also scheduled a hearing on a rule issued upon the City to show cause why Bethke's request for peremptory relief should not be granted. Bethke appealed the April 18 Order to this Court; that appeal appears at No. 406 C.D. 2022.

Despite the filing of Bethke's appeal, the City complied with the April 18 Order by filing a Motion for *Nunc Pro Tunc* Appeal on May 18, 2022 (*Nunc Pro Tunc* Motion). *See Nunc Pro Tunc* Motion, O.R., Item #20. The trial court granted that motion from the bench during a June 15, 2022 hearing on the rule to show cause and later issued a written version of that order on July 6, 2022 (July 6 Order).[4] July 6 Order, O.R. Item #32. Bethke appealed the July 6 Order to this Court; that appeal appears at No. 702 C.D. 2022 and was consolidated with his earlier appeal of the April 18 Order.

---

[4] As this Court previously observed in *Bethke I*, any statutory appeal from the OOR Determination should have been initiated by the filing of "a petition for review or other document as required by rule of court" in the trial court. Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a) (pertaining to appeals related to local agency records). However, no petition for review or notice to the OOR appears in the record. The City merely attached a *proposed* notice of appeal to its *nunc pro tunc* filing. *See Nunc Pro Tunc* Motion, O.R. Item #20, at Ex. A. That proposed filing was never actually docketed in the trial court and, accordingly, it appears that no statutory appeal of the OOR Determination has ever been initiated in the trial court.

Throughout these proceedings, the trial court has held Bethke's peremptory judgment motion in abeyance, despite opining that the motion should be dismissed. *See* Application at 5; June 15, 2022 Trial Court Hearing Transcript (June 15 Tr.) at 16. However, the trial court moved forward to schedule a hearing on the City's *Nunc Pro Tunc* Motion, notwithstanding Bethke's appeal from the April 18 Order directing the City to file that motion. Bethke requested a stay in the trial court pending disposition of his appeal; the trial court denied the stay request by oral ruling on June 15, 2022. *See* Application at 6; June 15 Tr. at 28. Bethke then filed a stay application in this Court, which we granted in *Bethke I*.

The City filed applications to quash the consolidated appeals on the basis that they are from non-appealable interlocutory orders. This Court directed that the applications to quash be addressed along with the merits of the appeals.

## II. Issues

In these consolidated appeals,[5] Bethke argues that the April 18 and July 6 Orders are appealable collateral orders. Bethke asserts that the trial court committed a legal error and improperly tried to invest itself with subject matter jurisdiction that it lacked, by impermissibly ordering the City to pursue an appeal *nunc pro tunc*. Further, Bethke contends that the City is not entitled to *nunc pro tunc*

---

[5] Generally, appellate review of the trial court's grant of *nunc pro tunc* relief is limited to a determination of whether the trial court abused its discretion or made an error of law. *Williamson v. Dep't of Transp., Bureau of Driver Licensing* 129 A.3d 597, 599 (Pa. Cmwlth. 2015) (additional citation omitted). However, where, as here, an appeal presents solely an issue of law, an appellate court's standard of review is *de novo*, and its scope of review is plenary. *Gresik v. PA Partners, L.P.*, 33 A.3d 594, 599 (Pa. 2011).

relief allowing an untimely appeal of the OOR Determination. For the reasons that follow, we agree with Bethke's arguments.[6]

### III. Discussion

Pennsylvania Rule of Appellate Procedure 313 provides:

> (a) *General rule.*—An appeal may be taken as of right from a collateral order of a trial court or other government unit.

> (b) *Definition.*—A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. In *Bethke I*, Bethke argued that his appeals are properly before this Court because the April 18 and July 6 Orders are appealable collateral orders under Rule 313. He argued that the trial court lacked jurisdiction over the OOR Determination and that he would be irreparably harmed if he was forced to litigate the OOR Determination in the trial court before filing his appeal challenging that court's jurisdiction to review the OOR Determination. *See* Application at 11 (citing *Miravich v. Twp. of Exeter* (Pa. Cmwlth., No. 2006 C.D. 2013, filed July 24, 2014),[7] slip op. at 4-5 (holding that the question of a tribunal's jurisdiction implicates due process rights and meets all prongs of the collateral order test)).

---

[6] We note that the City elected not to file an appellate brief.

[7] Pursuant to this Court's Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) regarding the April 18 Order (Rule 1925(a) Opinion),[8] the trial court posited that the April 18 Order merely "issue[d] a Rule to Show Cause setting [the] matter for a hearing," and thus was interlocutory and not appealable.  Trial Ct. Op. (July 6, 2022) at 4.  However, in *Bethke I*, this Court concluded that the April 18 Order "went beyond scheduling:  it directed the City to file a *nunc pro tunc* appeal not then before the trial court.  The trial court's July 6 . . . Order then granted the relief the trial court had prescribed."  *Bethke I*, slip op. at 6.  This Court concluded that the trial court's orders "are collateral and reviewable," explaining:

> First, the City's *nunc pro tunc* appeal of the OOR Determination is separable from and collateral to Bethke's main cause of action (which sounds in mandamus); the City does not dispute this.  *See* City's Answer at 7.

> Second, the orders raise issues of due process and jurisdiction, which are of paramount importance.  Due process requires proceedings before a fair tribunal, without even the appearance of partiality.  *HYK Constr. Co. v. Smithfield Twp.*, 8 A.3d 1009, 1018 (Pa. Cmwlth. [] 2010).  The trial court's April 18 . . . Order directing the City to file for *nunc pro tunc* relief, when the City had not chosen to do so, raises questions about why the trial court felt that filing was necessary.  More importantly, Section 1302(a) of the [RTKL], 65 P.S. § 67.1302(a), allows 30 days to appeal the final determination of an OOR appeals officer relating to a decision of a local agency.  Statutory appeal periods are mandatory and thus jurisdictional, and a trial court cannot "extend[] itself jurisdiction it would not otherwise have" by expanding the appeal period.  *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015).  Here, the trial court's April 18 . . . Order was issued well after the appeal period had run, and thus likely without jurisdiction.  These issues are deeply rooted in public

---

[8] The trial Court did not file a Rule 1925(a) opinion with respect to the July 6 Order.

6

policy regarding administrative finality, due process, and the separation of powers, and they merit immediate review.

Finally, because Bethke's claims on appeal go to the fundamental fairness and jurisdiction of the proceedings below, they will be irretrievably lost if he must continue litigating to a final judgment in the trial court during his appeals. For this reason, we are not persuaded by the City's argument that the general rule articulated in our caselaw – a lower court's grant of *nunc pro tunc* relief is reviewable only after a final judgment – forecloses collateral review under these unusual circumstances. Rather, as in *Miravich*, slip op. at 4-5,[] the procedural irregularities below appear to implicate due process rights and warrant collateral review. For these reasons, Bethke's appeals appear to be properly before this Court.

*Id.*, slip op. at 6-7 (footnote omitted).

We adopt our prior reasoning in *Bethke I* here and again conclude that the trial court's orders are reviewable collateral orders under Rule 313. Likewise, we again conclude that the trial court lacked subject matter jurisdiction over an untimely appeal of the OOR Determination. Moreover, the trial court could not create such jurisdiction by ordering the City to seek *nunc pro tunc* relief to pursue such an appeal without legal justification. As we explained in *Bethke I*,

> [t]he City was plainly negligent in failing to appeal the OOR Determination timely, and waited more than 100 days before filing the [*N*]*unc* [*P*]*ro* [*T*]*unc* [M]otion, each of which forecloses relief. There is no public safety exception to the binding precedent on *nunc pro tunc* relief. The City does not assert in its Answer why *nunc pro tunc* relief was warranted.
>
> . . . .
>
> Entertaining an untimely appeal requires "extraordinary" circumstances, such as fraud, an administrative breakdown, or "non-negligent circumstances" relating to a party or its counsel. *Criss v. Wise*, 781 A.2d 1156, 1159-

7

60 (Pa. 2001). "[M]ere neglect or administrative oversight of counsel cannot justify the allowance of an appeal *nunc pro tunc*." *Lawrence Cnty. v. Pa. Lab. Rels. Bd.*, 469 A.2d 1145, 1149 (Pa. Cmwlth. 1983).

The City admits that its failure to appeal timely from the OOR Determination was "inadvertent[]." City's Answer at 3. It gave no other justification before the trial court, and acknowledged that it had not met the relevant legal standard. *See* [*Nunc Pro Tunc*] Motion[], O.R. Item #20, at 6, ¶ 22 ("[T]he failure to timely appeal was an inadvertent error. In typical civil cases, an inadvertent failure to appeal, or a mistake, does not satisfy the standard for a *nunc pro tunc* appeal.") . . . . Aside from the fact that *nunc pro tunc* relief is, by definition, extraordinary and not "typical," it is the *procedural* circumstances, not the merits or perceived importance of the case, that must be extraordinary to warrant relief. No recognized grounds for *nunc pro tunc* relief appear to be present here . . . .

*Id.*, slip op. at 7-8. Thus, we agree with Bethke that the trial court erred both by directing the City to request *nunc pro tunc* relief and by then granting that relief.

Finally, in *Bethke I*, this Court opined that "[i]f . . . this Court concludes the trial court lacks jurisdiction over the OOR Determination, then the trial court must limit any factual record to include only evidence that is relevant to Bethke's mandamus claim and the City's response thereto, and not evidence relevant in a statutory appeal of the OOR Determination." *Id.*, slip op. at 9-10. As we now conclude that the trial court lacks jurisdiction to review the OOR Determination, we direct the trial court to observe the described limits regarding the factual record on remand.

8

## IV. Conclusion

For the foregoing reasons, we deny the City's applications to quash the appeals. We vacate the trial court's April 18 and July 6 Orders and remand this matter to the trial court for further proceedings consistent with this opinion.


_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall A. Bethke,            :
          Appellant       :
          :
      v.           :
          :    Nos. 406 & 702 C.D. 2022
City of Philadelphia           :

### O R D E R

AND NOW, this 8th day of May, 2023, the applications by the City of Philadelphia to quash the appeals consolidated at 406 C.D. 2022 and 702 C.D. 2022 are DENIED. The orders of the Court of Common Pleas of Philadelphia County (trial court) dated April 18, 2022 and July 6, 2022 are VACATED. This matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge