Commonwealth ex rel. McClintock et al., Appellants, v. Kelly et al.

Argued April 9, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

**526**

W. S. *Sheppard*, of *Foulkrod, Sheppard, Porter & Alexander*, for appellants.

*Lemuel B. Schofield*, with him *W. Bradley Ward* and *D. Yeakel Miller*, for appellee.

PER CURIAM, May 26, 1932:

These four appeals (which can be appropriately disposed of in one opinion) relate to the action of the court below in entering judgment for four named defendants in a proceeding for attachment in contempt. At the time the parties to this unfortunate controversy were last before us, in a quo warranto proceeding to determine which of two contending factions of the Loyal Orange Institution of the United States of America was entitled to hold and exercise the office of directors of the Orange Home at Hatboro, Montgomery County, we affirmed a decree of the court below declaring relators, who represent the Kirkland faction, to be the true and official organization, and entitled to the management and direction of the Orange Home, in an opinion reported at 287 Pa. 139. The court below then entered its decree and judgment of ouster against all defendants, and also a writ of injunction restraining them from exercising or claiming to exercise the offices of members of the board of directors of the Orange Home. On May 26, 1927, the relators in the quo warranto proceeding presented a petition for attachment in contempt, alleging defendants had failed to comply with the decree of the court by "retaining custody of the books, papers, choses in action, moneys, property and other assets of

the Orange Home" and by wilfully neglecting "to render an account of all books, papers, choses in action, monies, property and other assets" pertaining to the home which came into their custody or control. Following several hearings, the court below, on June 27, 1930, entered an order discharging the rule for attachment with respect to the four appellees herein, but making the rule absolute as to George T. Lemmon, who, as Supreme Grand Secretary of the organization, had custody of important documents relating to the home which he failed to deliver to relators. Appellants complain because appellees were not likewise held in contempt.

The extent of our jurisdiction in appeals of this nature is governed by the provisions of the Act of April 18, 1919, P. L. 72. In Scranton v. Peoples Coal Co., 274 Pa. 63, 68, we said the act requires us "to determine whether each essential fact, the finding of which was excepted to and is assigned as error, had any substantial evidence to support it, or could be fairly deduced from other proved facts." Appellants' assignments of error are to the action of the court below in discharging the rule (granted upon the defendants to show cause why attachments in contempt should not issue) as to each defendant (save Lemmon) ; hence our duty is to examine the evidence as a whole and ascertain whether the court below abused its discretion. After a careful reading of the testimony offered by both sides we are of opinion the court below was not only fully justified in discharging appellees, but on the basis of the evidence before it could have come to no other reasonable conclusion.

Appellants contend that appellees, as members of an organized group, are equally responsible with their secretary, George T. Lemmon, and should be held liable in contempt with him. This argument was thoroughly answered in the opinion of the court below. It is sufficient to quote from the language of the learned president judge:—"At no time after issuance of the injunction in the present suit did any of the four respondents act,

either as an individual or as one of a group, in violation of the injunctive decree." This fact clearly differentiates the present case from Patterson v. Wyoming Valley District Council, 31 Pa. Superior Ct. 112, and Commissioners v. Sellew, 99 U. S. 624, cited by appellants, where the doctrine of group liability is set forth.

The judgment of the court below is affirmed at appellants' costs.