510 A.2d 1289

Francis L. Stambaugh and April V. Stambaugh, et al. *v.* Township of Reed and Gerald F. Walsh, et al. Gerald F. Walsh, Appellant.

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*Walter W. Wilt,* for appellant.

*Joel Weisberg,* for appellees.

OPINION BY SENIOR JUDGE ROGERS, June 20, 1986:

This is the second visitation of this subdivision regulation case. In *Stambaugh v. Township of Reed,* 86 Pa. Commonwealth Ct. 316, 484 A.2d 853 (1984), we decided the appeals of the Township of Reed and Gerald Walsh, a subdivision developer, from a final decree in equity of the Court of Common Pleas of Dauphin County in effect directing the township and Gerald Walsh jointly and severally to pay for the paving of the streets shown on a final subdivision plan submitted by Walsh to, and approved by, the township. On appeal we held that the record supported the trial court's imposition of responsibility for paving the two streets shown on the final plan, named Woodland Road and Hillside Drive, upon Gerald Walsh but that the township was not liable. We entered an order modifying the order of the trial court "to provide that Gerald Walsh shall complete the paving of Woodland Road and Hillside Drive within the Hidden Acres subdivision according to township specifications and Reed Township shall then accept these streets for public use and maintenance."

After this court's decision of the appeal just described, Gerald Walsh paved Hillside Drive and part of Woodland Road but refused to pave that portion of Woodland Road which fronts the south sides of two lots shown on Gerald Walsh's Final Plan of his subdivision: lot 1, which is at (or near) the intersection of Woodland Road and Pennsylvania Route 147 and lot 2 which adjoins lot 1 on the west. To the same trial court docket number as that of the original suit, the plaintiffs, appellees here, then filed a petition that Gerald Walsh be held to be in contempt of the trial court's order, as modified by us, for his failure to pave Woodland Road where it fronted lots 1 and 2. Gerald Walsh answered

that lots 1 and 2 were not included within his subdivision of Hidden Acres but were in fact the subject of a subdivision which had been approved by the township supervisors some years before he submitted his plan for subdivision of Hidden Acres. The trial court issued a rule upon Gerald Walsh to show cause why he should not be held in contempt of its order.

The trial court after hearing made the rule upon Gerald Walsh absolute and directed him to pave Woodland Road to its intersesction with Pennsylvania Route 147 on pain of the partial forfeiture of a letter of credit he had filed as bond for his appeal from the court's first order. Gerald Walsh has appealed this order.

A copy of the first submitted plan of the subdivision of the land embracing lots 1 and 2 was admitted in the contempt hearing. It was a plan which had been submitted for approval by Gerald Walsh's mother, Margaret Walsh, some years before Gerald Walsh filed his plan for Hidden Acres. Unfortunately for Gerald Walsh's case, Margaret Walsh's name and signature as well as the name and signature of Gerald Walsh appear as a developer on the Final Plan of Subdivision of Hidden Acres. Lots 1 and 2 appear on the Final Plan of Hidden Acres without reference to earlier subdivision; and Woodland Road is shown on that Plan as abutting lots 1 and 2 and extending to its intersection with Pennsylvania Route 147. Also, on the Final Plan over the signature of Gerald and Margaret Walsh appears the legend: "All streets shown hereon, if not previously dedicated are hereby tendered for dedication." Moreover, in his answer to the complaint in equity Gerald Walsh has admitted that Woodland Road was shown on the Plans for Hidden Acres as "running" along lots 1 through 6. Lots 1 and 2 and Woodland Road for its full length were, and were admitted by Gerald Walsh to be, a part of the Plan for Hidden Acres.

Our duty in this appeal from an order making absolute a rule for contempt is to examine the evidence and ascertain whether the trial court abused its discretion or committed an error of law. *Commonwealth ex rel. McClintock v. Kelly*, 307 Pa. 525, 161 A. 737 (1932); *Department of Environmental Resources v. Pennsylvania Power Company*, 12 Pa. Commonwealth Ct. 212, 316 A.2d 96 (1974), *aff'd*, 461 Pa. 675, 337 A.2d 823 (1975). We are completely satisfied that the trial court was not only fully justified in making the rule absolute but that on the evidence before us it could have come to no reasonable conclusion other than that Gerald Walsh had bound himself to pave Woodland Road where it fronts lots 1 and 2 and to its intersection with Pennsylvania Route 147.

Order affirmed.

## ORDER

AND NOW, this 20th day of June, 1986, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.