541 A.2d 46

American Federation of State, County and Municipal Employees, District Council 88, Local 543, AFL-CIO, Appellant *v.* Lehigh County, Appellee.

Argued February 22, 1988, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Alaine S. Williams, Kirschner, Walters & Willig,* for appellant.

*Wilbur C. Creveling, Jr.,* with him, *Kathleen M. Collins* and *Patrick J. Reilly,* Assistant County Solicitors, for appellee.

OPINION BY JUDGE CRAIG, May 5, 1988:

The American Federation of State, County, and Municipal Employees, District Council 88, Local 543,

AFL-CIO (AFSCME), appeals from an order of the Court of Common Pleas of Lehigh County denying AFSCME's motion to hold the County of Lehigh in contempt of court.

The sole issue for this court's consideration is whether the amount of the 1982 increase in wages for county corrections officers, mandated by an arbitration award, must be included as part of the officers' base salary in subsequent years.

In 1982, AFSCME won an arbitration award for the prison guards of Lehigh County which required the county to give the guards an 8% wage increase in *each* of the years 1982, 1983, and 1984. The trial court affirmed the award of one 8% increase for 1982, but reversed the award as to 1983 and 1984. Both AFSCME and Lehigh County appealed. This court affirmed the decision of the trial court. *County of Lehigh v. AFSCME*, 95 Pa. Commonwealth Ct. 486, 505 A.2d 1104 (1986).

The parties stipulated the following facts. Although, as noted above, no arbitration award compelled raises after 1982, the county granted raises in 1983, 1984, 1985 and 1986 to the corrections officers, in percentages elected by the county. In 1983, in calculating the base salary of the officers for the purpose of the new percentage increase, the county did not include that portion of the officers' 1982 salaries attributable to the arbitration award. Historically, the county had always included increases from previous years. Moreover, the county did compute all the actual increases given from 1984 to 1986 upon a base salary which included the actual, county-determined increases of the previous years.

On January 2, 1987, after this court's previous decision, the County of Lehigh made a lump sum payment to the corrections officers for 1982, reflecting the difference between the six percent increase already paid by

the county and the eight percent increase required by the arbitration for 1982. The county asserts that this payment satisfied its obligations under the 1982 arbitration award.

AFSCME filed a Petition for Writ of Attachment for Civil Contempt, and requested that the trial court hold the county in contempt because of its failure to include the 1982 arbitration increase in the base salary of the officers for the years 1983-86. The trial court dismissed AFSCME's petition, stating that the order upholding the arbitration award "was not intended to be inclusive of subsequent years."

Because we conclude that the arbitration award increasing the salary of the corrections officers for 1982 became part of the officers' base salary, and that any subsequent salary increases or decreases had to be calculated on that base salary, we reverse.

The scope of review of this court when considering an appeal from the denial of motion for civil contempt is limited to a consideration of whether the trial court abused its discretion or committed an error of law. *Stambaugh v. Reed Township*, 98 Pa. Commonwealth Ct. 306, 510 A.2d 1289 (1986).

The county argues that because it was under no obligation to increase the officers' salary during the subsequent years 1983 and 1984, and because the contracts in 1985 and 1986 were the result of a collective bargaining agreement, the 1982 arbitration award did not have to be considered a part of the officers' base salary for those years.

However, the key point rests upon the stipulated facts that the county historically has included past increases as part of the base salary for subsequent years, as the actual history of the county's computations has confirmed.

Moreover, although this court held that the arbitration award could not mandate a wage increase for more than one year, we did not treat the 1982 award as a lump sum award. Implicit in our decision is the premise that the arbitration award served to increase the corrections officers' base salary. Although the county was not obligated to give the corrections officers any subsequent raises, any raise it did give them had to be based upon a base salary that included the arbitration award.

Therefore, the county is required to recalculate the salary entitlement for the years 1983-1986 inclusive, by including in base salary the full 8% amount from the arbitration award for 1982. Thus, the trial court erred as a matter of law in failing to hold the county in contempt of court for failing to include that increase in the corrections officers' base salary in 1983-1986.

Accordingly, we reverse and remand for proceedings to enforce the payment of compensation recalculated by treating the base salary for 1983, before the 1983 increase, as including the 8% increase awarded and confirmed for 1982, with the years 1984, 1985 and 1986 being also recalculated accordingly.

ORDER

Now, May 5, 1988, the order of the Court of Common Pleas of Lehigh County at No. 82-C-2771, dated April 13, 1987, is reversed, and this case is remanded for proceedings to enforce the payment of compensation recalculated by treating the base salary for 1983, before the 1983 increase, as including the 8% increase awarded and confirmed for 1982, with the years 1984, 1985 and 1986 being also recalculated accordingly.

Jurisdiction relinquished.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

We had previously held that the increase for the year 1982 was proper, but that for subsequent years such increase was merely advisory since it was not fixed by the legislative body of the county. AFSCME does not dispute that the arbitrator's award for the years 1983 and 1984 was merely advisory. However, it contends that the county was obligated to compound the 8% increase in salary and add it to the corrections officers' base salary fixed for years subsequent to 1982.

Attachment for contempt is customary in a civil action for refusal to comply with the court's order. *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969). The issue before this court is whether the county refused to comply with an order of the trial court.

An examination of the record shows that the county did in fact comply with the order of the trial court. The county met, considered and rejected the award for the years subsequent to 1982. There is no authority for AFSCME's contention that the 8% increase in base salary must be compounded in the future since said increase was merely advisory.