IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Delaware County Republican     :
Executive Committee     :
    :
            v.     : No. 125 C.D. 2021
    : Argued: November 18, 2021
Board of Elections     :
    :
Appeal of: Gregory Stenstrom and     :
Leah Hoopes     :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: December 13, 2021


Gregory Stenstrom and Leah Hoopes (Observers) appeal the Order of the Delaware County Court of Common Pleas (trial court) denying Observers' Emergency Petition to Intervene in an action filed by the Delaware County Republican Executive Committee (Committee), and denying Observers' Emergency Petition for Sanctions filed against the Delaware County Board of Elections (Board) for its purported violation of a trial court order and the provisions of the Pennsylvania Election Code (Election Code).[1] We affirm.

On November 4, 2020, the Committee filed an emergency petition in the trial court requesting increased access at the Board's office for its party representatives designated as ballot observers, including Observers, and for

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2600-3591.

designated seating areas for its observers during the pre-canvass and canvassing of ballots after the November 3, 2020 General Election. Following a hearing, the trial court issued an order granting the following relief:

> 1. Four [o]bservers in total (2 observers from the Republican Party, or affiliated candidates, and 2 observers from the Democratic Party, or affiliated candidates) are permitted to observe the resolution area [in the Board's office] at all hours while ballots are being resolved.
>
> 2. Two observers (1 representing the Republican Party, or affiliated candidates, and 1 representing the Democratic Party, or affiliated candidates), are permitted to observe the sorting machine area [in the Board's office] at all times while the machine is in use. However, all observers shall stand back while the machine is in use due to safety concerns.
>
> 3. At two-hour intervals, two observers in total (1 representing the Republican Party, or affiliated candidates, and 1 representing the Democratic [P]arty, or affiliated candidates) are permitted to enter the ballot room [in the Board's office], to examine the room; however, [they] are not permitted to examine the physical ballots contained within the room, individually. They must be escorted by a member of the [Board] Staff with the time not to exceed five minutes each visit.
>
> 4. Any observer may not interfere[] with the process, nor may any observer object to individual ballots.

Reproduced Record (R.R.) at 34-35.[2] The Committee did not appeal the trial court's order to this Court or seek its modification or sanctions of any kind based on the purported violation of its provisions. *See, e.g.*, Section 5505 of the Judicial Code,

---

[2] Observers filed a reproduced record with this Court, but failed to comply with Pa.R.A.P. 2173, which requires that reproduced record pages be numbered followed by a small "a." Accordingly, this Court references the document consistent with the pagination contained in the Reproduced Record.

42 Pa. C.S. §5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed."); Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b) ("[A]n appeal . . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.").

Forty-eight days after the trial court entered its order, on December 22, 2020, Observers and Dasha Pruett (Candidate), a candidate for the United States House of Representatives (U.S. House),[3] filed the instant Emergency Petition to Intervene[4] and the Emergency Petition for Sanctions.[5] On January 12, 2021, the trial court issued an Opinion and Order denying the Emergency Petition to Intervene and

---

[3] Candidate is not a party to the instant appeal.

[4] *See* Pa.R.Civ.P. 2327 ("At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules . . . ."); Pa.R.Civ.P. 2329(2) and (3) ("[A]n application for intervention may be refused, if . . . the interest of the petitioner is already adequately represented; or . . . the petitioner has unduly delayed in making application for intervention . . . .").

[5] *See* Section 1806 of the Election Code, 25 P.S. §3506 ("Any member of a county board . . . who shall refuse to permit any overseer or watcher . . . to be present . . . at any . . . computation and canvassing of returns of any . . . election, . . . shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding [$1,000.00], or to undergo an imprisonment not exceeding [1] year, or both, in the discretion of the court."); Section 4133 of the Judicial Code, 42 Pa. C.S. §4133 ("Except as otherwise provided by statute, the punishment of commitment for contempt provided in [S]ection 4132 (relating to attachment and summary punishment for contempts) shall extend only to contempts committed in open court. All other contempts shall be punished by fine only."). *See also* Section 1642(a) and (c) of the Election Code, added by the Act of October 4, 1978, P.L. 893, *as amended*, 25 P.S. §3260b(a), (c) ("The Attorney General shall have prosecutorial jurisdiction over all violations committed under this act . . . [and t]he district attorney of any county in which a violation occurred has concurrent powers and responsibilities with the Attorney General over such violations."); Pa.R.Crim.P. 506(A) ("When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.").

the Emergency Petition for Sanctions with prejudice,[6] and Observers filed the instant appeal of the trial court's order.

On appeal,[7] Observers claim that the trial court erred in: (1) determining that they lacked standing to intervene; (2) determining that they acted with undue delay implicating the doctrine of laches; (3) concluding that their Petitions are not supported by a "scintilla" or "smidgen" of legal merit or that their claims are "baseless"; and (4) concluding that the Supreme Court opinion in *In re Canvassing Observation* is controlling in this matter or that their lack of citation to that opinion supported denying the requested relief.[8]

---

[6] The trial court dismissed the Petitions on the following bases: (1) there was no active case or controversy in which Observers may intervene and the Committee adequately represented their interests in the proceedings in which the trial court issued its November 4, 2020 order; (2) the trial court lost jurisdiction over the matter 30 days after issuing its November 4, 2020 order and Observers neither sought to intervene or enforce the order, or appeal the order to this Court, within that 30-day period; (3) the doctrine of laches precluded the grant of the requested relief; (4) as part of the requested relief, Observers sought an order, declaration, or injunction precluding the winning U.S. House candidate from exercising official authority, but Observers failed to join that candidate as an indispensable party; (5) the matter was moot based on the Pennsylvania Supreme Court opinion in *In re Canvassing Observation*, 241 A.3d 339, 350-51 (Pa. 2020), upholding the limitations on observers imposed by the Philadelphia County Board of Elections; and (6) Observers sought discretionary relief from the trial court, but had unclean hands by failing to apprise the court of the Supreme Court's opinion in *In re Canvassing Observation*. *See* Brief of Appellants, Exhibit A at 1-11.

[7] This Court's scope of review from the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law. *Wells Fargo Bank, N.A. v. James*, 90 A.3d 813, 815 n.5 (Pa. Cmwlth. 2014). Likewise, this Court's scope of review when considering an appeal from the denial of a motion for civil contempt is limited to considering whether the trial court abused its discretion or committed an error of law. *American Federation of State, County, and Municipal Employees, District Council 88 v. Lehigh County*, 541 A.2d 46, 47 (Pa. Cmwlth. 1988).

[8] On March 10, 2021, the Board filed a Motion to Quash or Dismiss Appeal and for Award of Fees in which it asserts that this Court lacks subject matter jurisdiction because Observers filed their Petition to Intervene more than 10 days after the trial court issued its January 12, 2021 order,
**(Footnote continued on next page…)**

4

and because the trial court's order denying intervention is a non-appealable interlocutory order. However, because the instant appeal flows from the trial court's order denying Observers' Emergency Petition to Intervene and Emergency Petition for Sanctions, and not a proceeding initiated under the provisions of the Election Code, the instant appeal is timely and we have jurisdiction over the appeal because Observers' notice of appeal was filed within 30 days of the trial court's final order. *See* Section 5571(a) of the Judicial Code, 42 Pa. C.S. §5571(a) ("The time for filing an appeal . . . in . . . the Commonwealth Court shall be governed by general rules."); Pa.R.A.P. 903(a) ("[T]he notice of appeal required by [Pa. R.A.P.] 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Additionally, because the trial court's order disposes of all claims against all parties, it is an appealable final order. *See* Section 5105(a)(1) of the Judicial Code, 42 Pa. C.S. §5105(a) ("There is a right of appeal . . . from the final order (including an order defined as a final order by general rule) of every . . . [c]ourt . . . of this Commonwealth to the court having jurisdiction of such appeals."); Pa.R.A.P. 341(b)(1) ("A final order . . . disposes of all claims and of all parties[.]").

Finally, the Board seeks the award of attorneys' fees under Pa.R.A.P. 2744(1), which states that "an appellate court may award as further costs damages as may be just, including . . . a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." However, as this Court has explained:

> The imposition of counsel fees is solely within the discretion of the court. In determining the propriety of such an award, the court is "ever guided by the principle that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." Such a high standard is imposed "in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned."

*Canal Side Care Manor, LLC v. Pennsylvania Human Relations Commission*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (citations omitted).

Upon review of the relevant considerations, we exercise our discretion and decline to award attorneys' fees in this case. Ultimately, the instant matter flows from the trial court's November 4, 2020 order directing how Observers may participate in the pre-canvass and canvassing of ballots following the contested November 3, 2020 General Election. Clearly, the necessity of such an order demonstrates the high level of interest and participation by all involved in the electoral process in that election. Although we have determined that the claims raised in this appeal are without merit, we do not believe that the instant appeal meets the high standard outlined above to support an award of attorneys' fees. Accordingly, based on the foregoing, we deny the Board's Motion to Quash or Dismiss Appeal and for Award of Attorneys' Fees.

5

However, upon review, we have determined that this matter was ably disposed of in the comprehensive and well-reasoned Order and Opinion of the Honorable John F. Capuzzi, Sr., disposing of Observers' Emergency Petition to Intervene and the Emergency Petition for Sanctions. Accordingly, we affirm the trial court's order on the basis of the Order and Opinion in *Delaware County Republican Executive Committee v. Board of Elections* (C.P. Del., No. CV-2020-007523, filed January 13, 2021).[9]

_____
MICHAEL H. WOJCIK, Judge


Judge Covey did not participate in the decision of this case.
Judge Fizzano Cannon did not participate in the decision of this case.
Judge Crompton did not participate in the decision of this case.

_____

[9] On November 17, 2021, prior to argument, the Board filed an unopposed Application for Leave to File Exhibit to supplement its appellate brief with an exhibit that is referenced in the brief, but was inadvertently left off of the brief that was filed in this Court. The Board's unopposed Application is granted. *See, e.g.*, *Commonwealth v. Gambal*, 561 A.2d 710, 714 (Pa. 1989) ("Our Rules of Appellate Procedure provide that they are to be 'liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable.' Pa.R.A.P. 105(a). Allowing parties to amend their briefs permits review of the discretionary aspects of sentencing to proceed in an efficient and just manner.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Delaware County Republican      :
Executive Committee      :
     :
v.      : No. 125 C.D. 2021
     :
Board of Elections      :
     :
Appeal of:  Gregory Stenstrom and      :
Leah Hoopes      :

# **O R D E R**

AND NOW, this 13th day of December, 2021, the Board of Elections' unopposed Application for Leave to File Exhibit is GRANTED.  The order of the Delaware County Court of Common Pleas dated January 12, 2021, is AFFIRMED. The Board of Elections' Motion to Quash or Dismiss Appeal and for Award of Attorneys' Fees is DENIED.

_____
MICHAEL H. WOJCIK, Judge

**ORIGINAL**

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| DELAWARE COUNTY REPUBLICAN EXECUTIVE COMMITTEE<br>v.<br><br>BOARD OF ELECTIONS | NO.: CV-2020-007523 |

## ORDER

Before the Court are two Petitions. The first is the Emergency Petition to Intervene of Candidate for Political Office, Dasha Pruett, and Observers Gregory Stenstrom and Leah Hoopes. The second is an Emergency Petition Against the Board of Elections for Contempt for Violating Judge Capuzzi's 11/4/2020 Order and for Violating Election Code Provisions Allowing Observers. For the reasons set forth in the Opinion below, both Petitions are **DENIED WITH PREJUDICE.**

## OPINION

Without per adventure, the general election of 2020 was the most contentious, most impassioned and most disputed in modern history. While this Court is not oblivious to this, it is the duty of the judiciary to apply the rule of law free and clear of outside influences or the clamor that has arisen. A fair and impartial jurist who adheres to the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania in accordance the oath of law that binds the conscience is what is mandated and what is expected. It is through this lens that the Court has addressed the issues presented.

The essence of the Petitions are as follows: First Petitioners seek to intervene in the original matter as captioned above. Second, Petitioners seek to have the Board held in contempt for

1

allegedly violating the Court's order as follows: Petitioners claim that they were not granted full access to a rear room where mail-in and absentee ballots were being resolved; observers were not permitted to enter a rear locked area where ballots were stored; and observers were confined to a "pen" which did not allow meaningful access to observe/view the area where the sorting machine was in use. As a result, Petitioners seek the USB V cards that when inserted into the computer tabulated the votes and to enjoin the United States House of Representatives from seating Dasha Pruett's opponent. These claims lack a scintilla of legal merit.

At the very outset it is extremely important to highlight that the Delaware County Republican Executive Committee, which was the party that filed the original petition, has not raised an issue with the Board of Elections compliance with the Court's Order of November 4, 2020. Likewise, the Republican Executive Committee has not filed a response to the Petitions presently before the Court. Furthermore, each alleged factual averment within the petitions was known weeks before this 11th hour, pre-holiday filing of December 22, 2020 and, thus, did not constitute such an emergency that the Board of Elections not be given adequate time to research and respond accordingly.[1]

In order to place the current controversy in perspective and to appreciate the canvassing of ballots, it is necessary to set forth the election process of 2020, which, in this Commonwealth, was substantially different from prior elections. Following the general election of 2016, there was grave concern that foreign governments had interfered with the election process. There was further concern that these foreign governments or others could or may have hacked into the computerized voting systems employed in many jurisdictions. Additionally, some of these computerized

---

[1] The time frame set forth in the Petitions was between November 3, 2020 and November 5, 2020, and whereas the Petitions were not filed until December 22, 2020, the Court deemed these not to be emergent and did mandate that the Board of Elections be given adequate time to respond.

2

systems lacked a paper trail that could be subject to audit, if needed or required, in order to validate the count. Finally, it was crystal clear that the expected voter turnout would far surpass recent elections. It is with this backdrop that Governor Wolf and the Legislature changed, altered, and/or modified the manner in which elections in the Commonwealth are conducted.

In 2018, U.S. Department of Homeland Security Secretary, Kirstjen Nielsen, called on all state and local election officials to make certain that by the 2020 presidential election every American votes on a system that produces a paper record or ballot that can be checked and verified by the voter and audited by election officials. The Pennsylvania Department of State informed all 67 counties that it must have voting machines that produce voter-verifiable records and meet 21st century standards of security, auditability and accessibility by December 31, 2019. As of June 2020, all Pennsylvania counties had complied. *See, Department of State* website.

In addition to absentee ballots, the Legislature significantly modified the election process by adding a provision which enabled any qualified elector to apply for a mail-in ballot without restriction or reason. *25 Pa. C.S. §3150.12 (a). See, Section 14 of Act 2019, October 31, P.L. 552, No. 77.*

## NO CASE OR CONTROVERSY IN WHICH TO INTERVENE

The original petitioner was the Delaware County Republican Executive Committee. The original petitioner has not challenged this Court's original ruling and order, nor has it filed anything in response to the current petitioners' request to intervene. Therefore, there is nothing before this court that would require the intervention of a third-party.

3

*Pennsylvania Rule of Civil Procedure 2327* sets forth who may intervene. The Rule is as follows: "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:

> (1) The entry of judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) Such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or an officer thereof; or
>
> (3) Such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) The determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

*Pursuant to Pa. R.C.P. 2329*, the court may refuse an application for intervention where the interest of the petitioner is adequately represented; or the petitioner has unduly delayed in making application for intervention. Here, the interests of the observers were more than adequately represented by the Delaware County Republican Executive Committee at the relevant time. Furthermore, the alleged violation occurred on November 5th, making this post-election application of December22nd untimely. Thus, the denial.

Ironically, in the very action they wish to be part of, Petitioners' claim that the Delaware County Republican Executive Committee does not adequately represent their interest. As the transcript of the emergency hearing that was held the evening of November 4, 2020 demonstrates, the resolution of the controversy adequately addressed the claims of the original petitioner who stood in the shoes of the Republican observers and candidates. Additionally, the ruling by this court fully comported with the law as it pertained to observers and no appeal was taken of the order that was issued.

4

The third-party cannot latch onto the original petition. If the third-party truly believed there was a violation of this court's order, then is should have filed a new action under a separate docket number.

## LACK OF JURISDICTION

The Order that Petitioners contend has been violated was issued on November 4, 2020. That Order specifically addressed the issue of when and where observers were permitted.

Once an order is issued, the Court of Common Pleas retains jurisdiction for thirty (30) days. During this thirty-day period, the court may modify or rescind the original order. *42 Pa. C.S. §5505.*

In the instant matter, the Petitioners could have challenged the manner in which the Board of Elections complied with the Order at the time they allege they were denied the opportunity to observe and requested a modification of the Order. As noted in the Petition, observer Stenstrom called this judge's chambers twice on November 5th and was advised by the judge's staff to obtain legal representation. This was not done.

It must also be noted that during this thirty-day period, the observers could have filed an appeal to the Commonwealth Court if they believed this Court's directive did not comport with election law. Again, this was not done.

## DOCTRINE OF LACHES

Petitioners' challenge violates the doctrine of laches given their utter failure to act with due diligence in commencing this action. Laches is an equitable doctrine that bars relief when a

5

complaining party is guilty of want of due diligence in falling to promptly institute an action in prejudice of another. *Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998).

A plain reading of the Petition for Sanctions sets forth allegations that occurred during the pre-canvassing and canvassing of election ballots. Assuming *arguendo*, that the allegations enjoyed even some smidgen of merit, the remedy rested at the time of the occurrence, not seven weeks after the canvassing was completed. This is the epitome of lack of due diligence.

## INDISPENSIBLE PARTY

An indispensable party is one whose rights are directly connected with and affected by the litigation that he must be a party of record to protect such rights. *Columbia Gas Transmission Corporation v. Diamond Fuel Company, et al.*, 464 Pa. 377, 346 A.2d 788 (Pa. 1975). It has long been established that unless all necessary and indispensable parties are parties to the action, the Court is powerless to grant relief. *Tigue v, Basalyga*, 451 Pa. 436, 304 A.2d 119 (Pa. 1973). Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. *Orvian v. Mortgage I.T.*, 118 A.3d 403 (Pa. Super. 2015).

Petitioners, in the *ad damnum* clause, seek an order, declaration and/or injunction enjoining the "winning" U.S. House of Representative candidate from exercising official authority. The Court takes judicial notice that the winning candidate was U.S. Representative Mary Gay Scanlon. Representative Scanlon has a direct interest in this matter, as it seeks to prevent her from exercising her duties in the House of Representatives. Therefore, Representative Scanlon is an indispensable party; yet, Petitioners never served her with process, thereby denying her the right to be heard. Furthermore, failure to do so deprives this court of subject matter jurisdiction.

## MOOTNESS

The identical issue before this court has been addressed by our Supreme Court. *IN RE: Canvassing Observation, Appeal of: City of Philadelphia Board of Elections*, 241 A.3d 339 (Pa. 2020) decided November 17, 2020. In advance of the election, the Philadelphia Board of Elections arranged workspace for its employees at the Philadelphia Convention Center for the pre-canvassing and canvassing of mail-in and absentee ballots.[2] Discreet sections of a designated area within the Convention Center were devoted to various aspects of the process.

Pursuant to the election code, designated observers were permitted to physically enter the Convention Center hall and observe the entirety of the process from behind a waist-high security fence that separated the observers from the work-space of Board employees. At 7:45 a.m. on the morning of the election, the Trump Campaign filed a suit challenging the location where observers could watch the process. A hearing was held at which time the attorney for the Campaign argued "that Section 3146.8(b) of the Election Code- which allows designated watchers or observers of a candidate to be present when the envelopes containing official absentee ballots and mail-in ballots are opened and when such ballots are counted and recorded, 25 P.S. §3146.8(b) – requires that the observers have the opportunity to "meaningfully" see the process. In rejecting the argument, the trial court noted that Section 3146.8 contained no language mandating "meaningful observation"; rather, the court interpreted the section as requiring only that the observers be allowed to be "present" at the opening, counting and recording of the absentee or mail-in ballots." *Id.* @ 343. The trial court also noted that Section 4146.8 provides for no further specific activities for the watchers to do other than to simply be present. The court went onto opine that, under this

_____

[2] The Delaware County Board of Elections leased space at the Wharf Office Building in Chester in order to accommodate the work staff and necessary machines.

7

section, watchers are not directed to audit ballots or to verify signatures, to verify voter addresses, or to do anything else that would require a watcher to see the writings or markings on the outside of either envelope, including challenging the ballot or ballot signatures. *Id.*

Later, on election day, the trial court denied the Campaign's request that the Board modify the work area to allow for closer observation of the on-going ballot canvassing. The Campaign immediately appealed to the Commonwealth Court, wherein Judge Fizzano-Cannon held a status conference on the night of November 4, 2020 and issued an order on the morning of November 5, 2020, which reversed the trial court. Judge Fizzano-Cannon's order directed the trial court to enter an order by 10:30 a.m. to require "all candidates, watchers, or candidate representatives to be permitted to observe all aspects of the canvassing process within 6 feet, while adhering to COVID-19 protocols." *Id.* 343, 344. In her opinion filed later that day, Judge Fizzano-Cannon found Section 3146.8(b) to be ambiguous and that in order for representatives to fulfill their reporting duty to their candidate, they are required to "have the opportunity to observe the process upon which they are to report, and so mere physical presence of the observers was insufficient to guarantee this "meaningful observation." *Id.* @ 344. The Board then filed an emergency petition for allowance of appeal with Supreme Court on the morning of November 5, 2020.

By Order dated November 9, 2020, the Supreme Court granted the Petition and set forth three issues, one of which was whether the Commonwealth Court erred in reversing the trial court. At the outset, the Court noted that because ballots were still being canvassed by the Board, the question was not moot and thus, ripe for determination.

The Supreme Court addressed the issue by stating that 3146.8(g)(1.1) requires only that an authorized representative"

8

"be permitted to *remain in the room* in which the absentee ballots and mail-in ballots are pre-canvassed (emphasis added) and Section 3146.8(g)(2) likewise mandates merely that an authorized representative "be permitted to *remain in the room* in which the absentee ballots and the mail-in ballots are canvassed. (emphasis added). While the language contemplates an opportunity to broadly observe the mechanics of the canvassing process, we note that these provisions do no not set a minimum distance between authorized representatives and canvassing activities occurring while they "remain in the room." The General Assembly, had it so desired, could have easily established such parameters: however, it did not. It would be improper for this Court to judicially rewrite the statute by imposing distance requirements where the legislature has, in the exercise of its policy judgment, seen fit not to do so. *See Sivick v. State Ethics Commission* __Pa.__, 238 A.3d 1250 (2020). Rather we deem the absence of proximity parameters to reflect the legislature's deliberate choice to leave such parameters to the informed discretion of county boards of elections, who are empowered by Section 2642(f) of the Election Code to make and issue such rules, regulations and instructions, not inconsistent with law, as they may deem necessary for the guidance of ... elections officers." *IN RE: Canvassing Observation, Appeal of: City of Philadelphia Board of Elections, 349, 350.*

In full accordance with the Supreme Court holding, the Delaware County Board of Elections was charged with establishing observation areas. Prior to the above Supreme Court ruling, this court entered an order which required the Board to allow for designated areas and times for observation activities which deviated from the areas established by the Board. The Board adhered to this order. Strikingly, at the time of the filing of this frivolous action, the issue now brought forth by the Petitioners had been adjudicated by the highest court in the Commonwealth, i.e., the Delaware County Board of Elections had full authority to establish observation areas as it deemed fit. Consequently, there is a total absence of legal merit in the Petitions.

## RULE OF PROFESSIONAL CONDUCT

Petitioners, through counsel, pray the court hold the Board or Elections in contempt for disobeying the Order of November 4, 2020; hold the Board of Elections guilty of a misdemeanor for violation of provisions of the Election Code; require the Board of Elections to pay a $1,000.00 sanction to Dasha Pruett; and sentence members of the Board of Elections to 1 year in prison.

9

*Rule 3.3.* requires Candor Toward the Tribunal. Pursuant to *Section 2*, a lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.

The above cited Supreme Court opinion was published on November 17, 2020. No where in the Petition, the accompanying memorandum of law, or Petitioner's Reply to Response of the Board of Elections does counsel for the Petitioners reference, let alone cite, this opinion which contains the controlling law. As one who obviously has invested significant time in crafting the legal positions of the client, due diligence mandated that counsel keep abreast of the legal landscape which was unfolding, and which was published on the Court's web site, and duly noted in newspapers of general circulation and The Legal Intelligencer. To neglect to exercise due diligence, when the claims made seek to alter or change the election canvassing process and the election results, is unconscionable and inexcusable. Consequently, this dereliction of duty has caused this court, court staff and the respondent to waste valuable time when the resultant ruling was preordained. While the Petitioners seek sanctions against the Board of Elections, they come before this court with unclean hands and they themselves are the ones whose conduct is contemptable.

## CONCLUSION

The Delaware County Board of Elections had the authority to establish observation areas in the facility where the pre-canvassing and canvassing of the absentee ballots and mail-in ballots was taking place. In response to a petition by the Delaware County Republican Executive Committee, this Court ordered the Board to allow for closer observation at specific locations and specific time intervals, as the case warranted. The Board fully complied with this order.

10

The Petitions herein are untimely and do not comport with the law. As our Supreme Court stated, it is the responsibility of the legislature to define distance parameters for positioning of observers and, absent these, the responsibility lies with county board of elections.

BY THE COURT:

_____

John P. Capuzzi, Sr.                                    J.

Cc: Deborah Silver, Esquire
    Manly Parks, Esquire
    William Martin, Esquire

11