IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Randall A. Bethke, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia | : | Nos. 406 and 702 C.D. 2022 |


BEFORE:     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON                    FILED:   September 20, 2022


Before the Court is Randall A. Bethke's (Bethke) Application for Stay
of Proceedings Pursuant to Pa.R.A.P. 1701 (Application), and the City of
Philadelphia's (City) Answer in opposition thereto.  Bethke seeks a stay of all
proceedings below by the Court of Common Pleas of Philadelphia County (trial
court) pending his appeal in these consolidated cases of two non-final orders of the
trial court.  The Court heard argument on the Application on September 19, 2022.
For the reasons that follow, the Application is granted.

## I.  Factual and Procedural Background

Before this action reached the trial court, Bethke had filed a request
under the Right-to-Know Law (the Law)[1] for all directives and policies of the
Philadelphia Sheriff's Office.  *See* Complaint, Original Record (O.R.) Item # 2, at
41.  The request was deemed denied, and Bethke appealed to the Office of Open

---

[1]  Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-67.3104.

Records (OOR), which issued a final determination on December 23, 2021 (OOR Determination). OOR ordered the City to provide all responsive records not already provided within 30 days. *See id.* at 18-39. OOR specifically determined that, although the Law provides for redaction of information exempt from disclosure, the City failed to meet the requisite burden of proof for any exemption. *See id.* at 23. The City "inadvertently failed to timely appeal the OOR Determination." City's Answer at 3. The City provided some additional responsive records, but redacted portions of two records based on the City's view that they are exempt from disclosure under the Law because their disclosure poses a threat to public safety, despite the OOR Determination. *See id.*; Complaint, O.R. Item #2, at 8, ¶¶ 51-53.

On February 13, 2022, Bethke filed a complaint in mandamus in the trial court, demanding that the City provide all responsive records in unredacted form in compliance with the OOR Determination. *See* Complaint, O.R. Item # 2, at 12, ¶¶ 82-85 & Wherefore Clause. Bethke then moved for peremptory judgment based on Pa.R.Civ.P. 1098 and this Court's reported decision in *Capinski v. Upper Pottsgrove Township*, 164 A.3d 601, 610 (Pa. Cmwlth. 2017) (holding that a mandamus action is the proper procedure to compel compliance with an unappealed OOR determination). At a hearing on the peremptory judgment motion, the trial court stated that the City "should have . . . taken" an appeal from the OOR Determination, and then directed: "At the end of this initial proceeding, the [City] will file that motion in seeking *nunc pro tunc* review of [the OOR D]etermination and it will be consolidated before this Court with the motion for peremptory judgment." April 18, 2022 Trial Court Hearing Transcript (April 18, 2022 Tr.) at 6-7. The trial court exited an order the same day, which provides, in relevant part:

> 8. The Motion that shall be filed by the City of Philadelphia and Sheriff's Office and all listed Defendants seeking

2

> *nunc pro tunc* appeal of the [OOR Determination] shall be
> CONSOLIDATED for hearing before this Court . . . .

Trial Court's April 18, 2022 Order, O.R. Item #12, at 2-3, ¶ 8. This order also scheduled a hearing on the rule to show cause issued upon the City as to why the peremptory relief should not be granted. Bethke appealed the April 18, 2022 Order to this Court, which appeal was docketed at No. 406 C.D. 2022.

The City complied with the order, filing a Motion for *Nunc pro Tunc* Appeal on May 18, 2022. *See* O.R., Item #20. The trial court granted the motion from the bench during the June 15, 2022 hearing on the rule to show cause, and later exited a written version of that order on July 6, 2022.[2] Trial Court's July 6, 2022 Order, O.R. Item #32. Bethke appealed the July 6, 2022 Order to this Court, which was docketed at No. 702 C.D. 2022 and consolidated with his earlier appeal. Throughout these proceedings, the trial court has held Bethke's peremptory judgment motion in abeyance and refused to enter a denial thereof, despite its opinion that the motion should be dismissed. *See* Application at 5; June 15, 2022 Trial Court Hearing Transcript (June 15, 2022 Tr.) at 16.

Presently before this Court for disposition is Bethke's Application.[3]

---

[2] Any statutory appeal from the OOR Determination should have been initiated by the filing of "a petition for review or other document as required by rule of court" in the trial court. Section 1302(a) of the Law, 65 P.S. § 67.1302(a) (pertaining to appeals related to local agency records). Further, the appealing party must give notice to other parties and OOR. Section 1303(a) of the Law, 65 P.S. § 67.1303(a). The Court notes, however, that no such petition for review or notice to OOR appears in the record Rather, the City attached a *proposed* notice of appeal to its *nunc pro tunc* filing. *See* Motion for *Nunc pro Tunc* Appeal, O.R. Item #20, at Ex. A. That proposed filing was never actually docketed in the trial court, and, accordingly, it appears then that no statutory appeal of the OOR Determination has ever been initiated in the trial court.

[3] Bethke requested a stay pending appeal before the trial court, which the trial court denied by oral ruling on June 15, 2022. *See* Application at 6; June 15, 2022 Tr. at 28.

## II. Discussion

It is well established that a stay pending appeal is warranted only if:

> 1. The [moving party] makes a strong showing that he is likely to prevail on the merits[;]
>
> 2. The [moving party] has shown that without the requested relief, he will suffer irreparable injury[;]
>
> 3. The issuance of a stay will not substantially harm other interested parties in the proceedings[; and]
>
> 4. The issuance of a stay will not adversely affect the public interest.

*Pa. Public Utility Comm'n v. Process Gas Consumers Grp.*, 467 A.2d 805, 808-09 (Pa. 1983). Applicants must make a strong showing on each of the above criteria in order to justify the issuance of a stay. *Id.* As to the first, merits-based factor, if the other three criteria favor relief, a court "may exercise its discretion to grant a stay if the [applicant] has made a *substantial* case on the merits" by raising significant legal issues. *Id.* at 809 (emphasis added) (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).

### A. Likelihood of Success on the Merits

#### 1. Appealability & Collateral Order Doctrine

As for the first prong, Bethke argues his appeals are properly before this Court, and thus he is likely to obtain relief, because the trial court's orders are appealable collateral orders under Pa.R.A.P. 313.[4] Specifically, he argues that his

---

[4] Rule 313 provides:

(a) *General rule.*—An appeal may be taken as of right from a collateral order of a trial court or other government unit.

challenge to the orders is based on the trial court's lack of jurisdiction over the OOR Determination, which challenge will be irreparably lost if he is forced to litigate the OOR Determination before the trial court pending appeal. *See* Application at 11 (citing *Miravich v. Twp. of Exeter*, (Pa. Cmwlth., No. 2006 C.D. 2013, filed July 24, 2014), slip op. at 4-5 (holding that the question of a tribunal's jurisdiction implicates due process rights and meets all prongs of the collateral order test)).

The City argues that the orders are interlocutory and not appealable under Pa.R.A.P. 341. It cites cases holding that a trial court's grant of *nunc pro tunc* relief is not appealable until after entry of a final order. *See* City's Answer at 5, 8 (citing, *inter alia*, *McKeesport Hous. Auth. v. Nicholson*, (Pa. Cmwlth., No. 1730 C.D. 2018, filed Jan. 30, 2020), slip op. at 7-8 (holding that a lower court's order sustaining jurisdiction is reviewable after a final order and not immediately appealable as a collateral order)).

In its Pa.R.A.P. 1925(a) opinion regarding the April 18, 2022 Order, the trial court stated that the order merely "issue[d] a Rule to Show Cause setting [the] matter for a hearing," and thus is clearly interlocutory and not appealable. Trial Ct. Op. (July 6, 2022) at 4. Beyond reiterating Bethke's statement of matters complained of on appeal, *see id.* at 1, the trial court does not acknowledge that its April 18, 2022 order went beyond scheduling: it directed the City to file a *nunc pro*

---

(b) *Definition*.—A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313

*tunc* appeal not then before the trial court. The trial court's July 6, 2022 Order then granted the relief the trial court had prescribed.[5]

The Court concludes Bethke has made a strong showing that the orders in question are collateral and reviewable. First, the City's *nunc pro tunc* appeal of the OOR Determination is separable from and collateral to Bethke's main cause of action (which sounds in mandamus); the City does not dispute this. *See* City's Answer at 7.

Second, the orders raise issues of due process and jurisdiction, which are of paramount importance. Due process requires proceedings before a fair tribunal, without even the appearance of partiality. *HYK Constr. Co. v. Smithfield Twp.*, 8 A.3d 1009, 1018 (Pa. Cmwlth. Ct. 2010). The trial court's April 18, 2022 order directing the City to file for *nunc pro tunc* relief, when the City had not chosen to do so, raises questions about why the trial court felt that filing was necessary. More importantly, Section 1302(a) of the Law, 65 P.S. § 67.1302(a), allows 30 days to appeal the final determination of an OOR appeals officer relating to a decision of a local agency. Statutory appeal periods are mandatory and thus jurisdictional, and a trial court cannot "extend[] itself jurisdiction it would not otherwise have" by expanding the appeal period. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Here, the trial court's April 18, 2022 Order was issued well after the appeal period had run, and thus likely without jurisdiction. These issues are deeply rooted in public policy regarding administrative finality, due process, and the separation of powers, and they merit immediate review.

---

[5] The trial Court has not filed a Pa.R.A.P. 1925(a) opinion with respect to the July 6, 2022 Order.

Finally, because Bethke's claims on appeal go to the fundamental fairness and jurisdiction of the proceedings below, they will be irretrievably lost if he must continue litigating to a final judgment in the trial court during his appeals. For this reason, we are not persuaded by the City's argument that the general rule articulated in our caselaw – a lower court's grant of *nunc pro tunc* relief is reviewable only after a final judgment – forecloses collateral review under these unusual circumstances. Rather, as in *Miravich*, slip op. at 4-5,[6] the procedural irregularities below appear to implicate due process rights and warrant collateral review. For these reasons, Bethke's appeals appear to be properly before this Court.

## 2. *Merits of Bethke's Appeals*

Bethke argues he will prevail on appeal because the trial court clearly erred in directing, and then granting, *nunc pro tunc* relief. The City was plainly negligent in failing to appeal the OOR Determination timely, and waited more than 100 days before filing the *nunc pro tunc* motion, each of which forecloses relief. There is no public safety exception to the binding precedent on *nunc pro tunc* relief. The City does not assert in its Answer why *nunc pro tunc* relief was warranted.

Based on our review of this action, Bethke has made a strong showing that he is likely to prevail on the merits, and certainly has made a sufficiently substantial case that a stay is warranted if the other *Process Gas* factors are satisfied. Neither Bethke's mandamus claim, nor the merits of the OOR Determination, are now before this Court. Rather, the only issues on appeal are whether the trial court erred in directing, and then granting, the City's request for *nunc pro tunc* relief. Entertaining an untimely appeal requires "extraordinary" circumstances, such as

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

fraud, an administrative breakdown, or "non-negligent circumstances" relating to a party or its counsel. *Criss v. Wise*, 781 A.2d 1156, 1159-60 (Pa. 2001). "[M]ere neglect or administrative oversight of counsel cannot justify the allowance of an appeal *nunc pro tunc*." *Lawrence Cnty. v. Pa. Lab. Rels. Bd.*, 469 A.2d 1145, 1149 (Pa. Cmwlth. 1983).

The City admits that its failure to appeal timely from the OOR Determination was "inadvertent[]." City's Answer at 3. It gave no other justification before the trial court, and acknowledged that it had not met the relevant legal standard. *See* Motion for *Nunc pro Tunc* Appeal, O.R. Item #20, at 6, ¶ 22 ("[T]he failure to timely appeal was an inadvertent error. In typical civil cases, an inadvertent failure to appeal, or a mistake, does not satisfy the standard for a *nunc pro tunc* appeal."). Realizing that it had no established basis for *nunc pro tunc* relief, but forced to file anyway under the trial court's April 18, 2022 Order, the City averred that this is "not a typical civil case," and that public safety issues inherent in the merits of the OOR Determination warrant an untimely appeal. *Id.* at 6, ¶ 23. Aside from the fact that *nunc pro tunc* relief is, by definition, extraordinary and not "typical," it is the *procedural* circumstances, not the merits or perceived importance of the case, that must be extraordinary to warrant relief. No recognized grounds for *nunc pro tunc* relief appear to be present here. Accordingly, we are persuaded that Bethke's arguments on appeal will be successful.

## B. Irreparable Injury Absent a Stay

Bethke argues he will be irreparably harmed without a stay because he will be forced to litigate the already-final OOR Determination before a tribunal without jurisdiction. Application at 13. The City responds that there will be no additional burden because the trial court is already hearing Bethke's mandamus

action. City's Answer at 9. We disagree. First, Bethke requests a stay of all proceedings below, including his mandamus claims. Second, for the same reasons as are relevant to the collateral order doctrine, continued proceedings below before a court that lacks jurisdiction would impose an irreparable harm. Bethke, as a prevailing party before OOR, has a right to rely on the finality of the OOR Determination, and he has shown that continued proceedings in the trial court will irreparably deprive him of that right.

## C. Stay Will Not Substantially Harm Other Parties or the Public Interest

A stay will not harm the City or the public, Bethke argues, because it will change nothing about the status quo: the City has already disclosed many records to Bethke, and those it has redacted, which Bethke challenges, will remain redacted (i.e., undisclosed) during the stay. Thus, the City's public safety concerns are already vindicated and are not relevant to this prong. Application at 14. The City asserts only that a stay would prevent the trial court from developing a record on its public safety concerns. City's Answer at 10.

Again, we are persuaded by Bethke's argument. The only entity that might be harmed by a stay, *i.e.*, by continued nondisclosure of parts of the records by the City, is Bethke himself as the record requester. And a stay will only delay—it will not prevent—developing a factual record on the City's safety concerns. If this Court ultimately concludes that the trial court has jurisdiction over those issues *vis-à-vis* the OOR Determination, nothing is lost, and the trial court may then develop that record. If, however, this Court concludes the trial court lacks jurisdiction over the OOR Determination, then the trial court must limit any factual record to include only evidence that is relevant to Bethke's mandamus claim and the

9

City's response thereto, and not evidence relevant in a statutory appeal of the OOR Determination.

### III. Conclusion

Having concluded that Bethke has met each of the four prongs of the *Process Gas* test, the Court grants the Application.[7]

_____
Christine Fizzano Cannon, Judge

---

[7] Given this conclusion, the Court need not consider Bethke's analytically distinct argument that Pa.R.A.P. 1701(a) & (c) automatically prohibit the trial court from proceeding.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall A. Bethke,       :       **CASES CONSOLIDATED**
            Appellant    :
                         :
            v.           :
                         :
City of Philadelphia     :       Nos. 406 and 702 C.D. 2022

## **ORDER**

AND NOW, September 20, 2022, upon consideration of Randall A. Bethke's Application for Stay of Proceedings Pursuant to Pa.R.A.P. 1701 (Application), the Application is hereby GRANTED for the reasons set forth in the foregoing opinion. The Court of Common Pleas of Philadelphia County shall take no further action in the matter from which these consolidated appeals are taken while the appeals are pending before this Court.

_____
Christine Fizzano Cannon, Judge